IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*,[1] | ) | Case No. 17-11460 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) SCHEDULING CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT PLAN, INCLUDING (A) APPROVING FORM AND CONTENT OF SOLICITATION PACKAGE; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; (C) APPROVING FORMS OF BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS; (V) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF**

True Religion Apparel, Inc. together with its above-captioned affiliates (the "Debtors") in the above-captioned chapter 11 cases, pursuant to sections 1125 and 1126 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Del. Bankr. L.R. 3017-1(a) and 3017-1(b), hereby move for the entry of an order (the "Disclosure Statement Order"): (i) approving the Disclosure Statement (as defined below); (ii) scheduling the Confirmation Hearing (as defined below); (iii) approving the form and manner of notice of the Confirmation Hearing; (iv) establishing procedures for solicitation and

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

tabulation of votes to accept or reject the *Debtors' Joint Chapter 11 Plan of Reorganization* filed by the Debtors (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan"),[2] including (A) establishing a Record Date and approving procedures for distributing solicitation packages; (B) approving the form and content of the Debtors' proposed solicitation package, including ballots; (C) establishing a voting deadline for receipt of ballots; and (D) approving procedures for tabulating acceptances and rejections of the Plan; (v) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (vi) granting related relief. In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017, 3020 and 9006 and Del. Bankr. L.R. 3017-1(a) and 3017-1(b).

## Background

**A.     The Debtors' Chapter 11 Cases**

3. On July 5, 2017 (the "Petition Date"), the Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code, thereby commencing these chapter 11 cases. The Debtors are operating their businesses and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[2] Unless otherwise defined in this Motion, all capitalized terms used herein shall have the respective meanings ascribed to them in the Plan.

4. The Debtors and their affiliates design, market, sell, and distribute premium fashion apparel, centered on their core denim products under the brand name "True Religion Brand Jeans." The Debtors are globally recognized for innovative, trendsetting denim jeans and apparel. Their products are distributed through wholesale and retail channels on six continents. The Debtors sell direct to consumers through retail stores in North America and t their websites at www.truereligion.com and www.last-stitch.com and wholesale to premium department stores, specialty retailers and boutiques across the world. The factual background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Dalibor Snyder, Chief Financial Officer, in Support of First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference.

### B. Plan Terms

5. Prior to the Petition Date, the Debtors engaged in extensive, good-faith negotiations with an ad hoc group of certain Prepetition First Lien Lenders and Prepetition Second Lien Lenders (the "Ad Hoc Group") and with their equity sponsors, including TowerBrook and the Equity Parent, to develop a comprehensive financing, restructuring, and recapitalization plan to be implemented through these Chapter 11 Cases. That agreement was memorialized in the Restructuring Support Agreement executed by the Debtors, Equity Parent, and parties that collectively hold directly or indirectly on behalf of their managed funds and accounts approximately 86.4% of the Debtors' Prepetition First Lien Claims and 60.5% of the Debtors' Prepetition Second Lien Claims (as such terms are defined in the Restructuring Support Agreement and the First Day Declaration). On July 5, 2017, the Debtors filed the *Debtors' Joint Chapter 11 Plan of Reorganization* consistent with the terms of the Restructuring Support

Agreement. If the Plan is confirmed, the Debtors will emerge from these Chapter 11 Cases with approximately 72% less funded debt.

6. As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive. Under the Plan, there are five (5) classes of claims and two (2) classes of equity security holders:

| Class | Claim | Status | Voting Rights |
|---|---|---|---|
| 1 | Non-Tax Priority Claims | Unimpaired | Deemed to Accept |
| 2 | Miscellaneous Secured Claims | Unimpaired | Deemed to Accept |
| 3 | Prepetition First Lien Claims | Impaired | Entitled to Vote |
| 4 | Continuing Operations Claims | Unimpaired | Deemed to Accept |
| 5 | General Unsecured Claims | Impaired | Entitled to Vote |
| 6 | Equity Interests in Holdings | Impaired | Entitled to Vote |
| 7 | Intercompany Interests | Unimpaired | Deemed to Accept |

**Relief Requested**

7. By this Motion, the Debtors request entry of the Disclosure Statement Order: (i) approving the Disclosure Statement; (ii) scheduling the Confirmation Hearing; (iii) approving the form and manner of notice of the Confirmation Hearing; (iv) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (A) approving the form and content of the Debtors' proposed solicitation package relating to the Plan and the accompanying Disclosure Statement; (B) establishing a Record Date and approving procedures for distributing solicitation packages; (C) approving the form of ballots; (D) establishing a voting deadline for the receipt of ballots; and (E) approving procedures for

tabulating acceptances and rejections of the Plan; (v) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (vi) granting related relief.

## Basis for Relief Requested

### A. Approval of the Disclosure Statement

8. Section 1125 of the Bankruptcy Code requires a bankruptcy court to approve a written disclosure statement prior to allowing a party to solicit acceptances for a chapter 11 plan. *See* 11 U.S.C. § 1125(b). To approve a disclosure statement, a court must find that the disclosure statement contains "adequate information," which is defined as "information of a kind, and in sufficient detail . . . that would enable a hypothetical reasonable investor typical of holders of claims or interests . . . to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

9. The primary purpose of a disclosure statement is to provide creditors and interest holders affected by a proposed plan with all material information needed to make an informed decision whether to vote for the plan. *See, e.g., Century Glove, Inc. v. First Amer. Bank of New York*, 860 F.2d 94, 100 (3d Cir. 1988) (stating that section 1125 "seeks to guarantee a minimum amount of information to the creditor asked for its vote"); *Prudential Ins. Co. of Amer. v. Monnier (In re Monnier Bros.)*, 755 F.2d 1336, 1342 (8th Cir. 1985); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a plan of reorganization. *Century Glove*, 860 F.2d at 100.

10. In evaluating whether a disclosure statement provides "adequate information," the Bankruptcy Court is given wide discretion to make a determination based upon the facts of the particular case. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d

414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."). Courts within the Third Circuit and elsewhere acknowledge that determining what constitutes "adequate information" for the purpose of satisfying section 1125 resides within the sound discretion of the court. *See, e.g., Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *Cadle Co. II, Inc. v. PC Liquidation Corp. (In re PC Liquidation Corp.)*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("The standard for disclosure is, thus, flexible and what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis, with the determination being largely in the discretion of the bankruptcy court." (citation omitted)); *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995) (same); *Phoenix Petroleum*, 278 B.R. at 393 (same).

    11. In the instant case, the Disclosure Statement contains, among other things, information concerning (i) the business and background of the Debtors; (ii) significant events that have occurred in these chapter 11 cases; (iii) treatment of creditors under the Plan; (iv) which parties in interest are entitled to vote; (v) selected historical information; (vi) means for implementation of the Plan; (vii) how distributions under the Plan will be made; (viii) certain factors creditors should consider before voting; (ix) procedures for confirming the Plan; (x) liquidation analyses; and (xi) certain tax consequences. The Debtors will continue to review the Disclosure Statement filed, and based upon their ongoing review and further material developments in these chapter 11 cases, may make additional changes and disclosures prior to the hearing on the Disclosure Statement. Any such additional disclosures would increase the

amount of information being provided to parties in interest, and consequently, would further substantiate why the Disclosure Statement contains adequate information.

12. Accordingly, the Debtors submit that the Disclosure Statement contains "adequate information" as that phrase is defined in section 1125(a)(1) of the Bankruptcy Code. The Debtors believe that the Disclosure Statement should be approved.

**B.   Scheduling a Confirmation Hearing**

13. Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c). Additionally, Bankruptcy Rule 2002(b) requires 28 days' notice of the hearing to consider approval of a disclosure statement or confirmation of a plan. In accordance with the provisions of section 1128(a) of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017, the Debtors hereby request entry of the Disclosure Statement Order setting a date for the confirmation hearing on the Plan (the "Confirmation Hearing").

14. The Debtors request that the Confirmation Hearing be held approximately forty-two (42) days after entry of the Disclosure Statement Order, but not later than October 2, 2017, subject to the Court's availability. The Debtors also request that the Confirmation Hearing may be adjourned from time to time by announcing such continuance in open court or otherwise, without further notice to parties in interest.

**C.   Approval of Form and Manner of Solicitation Packages**

15. The Bankruptcy Rules provide that copies of a plan (or court-approved summary of plan), court-approved disclosure statement, and notice of voting deadline be

provided to all creditors, equity security holders, and the United States Trustee, unless the Court orders otherwise. Fed. R. Bankr. P. 3017(d).

16. On or before five (5) business days after entry of the Disclosure Statement Order or as soon as reasonably practicable thereafter (the Solicitation Mailing"), the Debtors propose to transmit or cause to be transmitted to holders of Claims or Equity Interests in Classes 3, 5 and 6 (the "Voting Classes"), by mail a solicitation package containing the following:

a. A printed copy of the notice in substantially the form attached hereto as Exhibit A (the "Confirmation Hearing Notice") of: (i) the order approving the Disclosure Statement, (ii) the commencement date of the Confirmation Hearing, (iii) the deadline and procedures for filing objections to confirmation of the Plan, and (iv) the deadline for receipt of ballots to accept or reject the Plan;

b. a printed copy of the ballot (the "Ballot"), the proposed forms of which are annexed hereto as Exhibit C1 - C3, and a Ballot return envelope; and

c. a flash drive or printed book containing the Disclosure Statement (together with the exhibits thereto, including the Plan, that have been filed with the Court before the date of the mailing), the Plan, and a copy of the Disclosure Statement Order without the exhibits excluded;

d. a cover letter from the Debtors explaining the attachments and requesting that creditors vote in favor of the Plan; and

e. such other materials as the Court may direct.

To avoid duplication and reduce expenses, the Debtors propose that creditors and interest holders who have more than one claim and/or equity interest shall receive only one Solicitation Package and one Ballot for each class of Voting Class to which they belong. The Debtors submit that such materials and manner of service satisfy the requirements of Bankruptcy Rule 3017(d).

17. The Debtors will mail a copy of the Confirmation Hearing Notice to (a) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States Trustee; (d) all known creditors, equity holders, and parties in interest; and (e) those parties that have requested service under Bankruptcy Rule 2002 by the Solicitation Mailing.

18. On one occasion on or prior to the Solicitation Mailing, the Debtors shall also publish a notice substantially similar to the Confirmation Hearing Notice in the national edition of *The Wall Street Journal* or *USA Today*.

19. Pursuant to section 1126(f) of the Bankruptcy Code, creditors holding claims in Class 1 (Non-Tax Priority Claims); Class 2 (Miscellaneous Secured Claims); Class 4 (Continuing Operations Claims); and Class 7 (Intercompany Interests) under the Plan, which are Unimpaired, are deemed to have accepted the Plan, and are not entitled to vote. Accordingly, the Debtors propose that they should not be required to transmit a Solicitation Package to holders of claims in Classes 1, 2, 4 and 7 of the Plan (collectively, the "Non-Voting Classes"). Therefore, the Debtors propose to mail or cause to be mailed to each such holder of claims or equity interests in the Non-Voting Classes, a notice substantially in the form attached hereto as Exhibit B (the "Non-Voting Class Notice"), which sets forth: (i) the Non-Voting Class; (ii) a summary of the Plan; (iii) the date and time of the Confirmation Hearing; and (iv) the deadline and procedures for filing objections to the Plan. The Non-Voting Class Notice will indicate that the Non-Voting Class is entitled to receive a copy of the Plan and Disclosure Statement in electronic format unless specifically requested otherwise at the expense of the Debtors upon making a written request to counsel for the Debtors.

20. Class 4 consists of the Continuing Operations Claims. Continuing Operations Claims consist of claims held by Critical Vendors who agree to provide Continuing Trade through entry into a critical vendor agreement or other agreement or arrangement as more fully set forth in the Plan. Critical Vendors that have not become holders of Continuing Operations Claims by the Record Date shall be solicited as holders of Class 5 General Unsecured Claims, and shall receive the Solicitation Package.

**D.    Approval of Form and Manner of Notice of the Confirmation Hearing Notice**

21. Bankruptcy Rule 2002(b) requires at least 28 days' notice by mail to all creditors and indenture trustees of the time set for filing objections to confirmation of a chapter 11 plan and the hearing to consider confirmation of a chapter 11 plan. Bankruptcy Rule 2002(d) requires that equity security holders be given notice of the foregoing in the manner and the form directed by the Court.

22. The Debtors propose that if the Court approves the Disclosure Statement and grants the relief requested by this Motion, the Confirmation Notice in substantially the form attached hereto as <u>Exhibit A</u>, be served as part of the Solicitation Package via first-class mail to holders of Claims in the Voting Classes. The Debtors further propose that, with respect to the Non-Voting Classes, service by first-class mail of the Non-Voting Class Notice be deemed adequate and sufficient notice of the Confirmation Hearing and deadline to object to confirmation of the Plan.

**E.    Establishment of Record Date and Approval of Procedures for Distribution of Solicitation Packages**

23. The Debtors propose that the Court establish the date of the hearing to approve the Disclosure Statement as the record date (the "<u>Record Date</u>") for purposes of determining (1) which Holders of Claims or Equity Interests are entitled to vote to accept or

reject the Plan and receive the Solicitation Package or a Non-Voting Class Notice and (2) whether Claims or Equity Interests have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of a Claim or Equity Interest. The Record Date shall apply to all of the Debtors' creditors and other parties in interest. Further, within one business day after the Record Date, the Prepetition First Lien Agent and the Prepetition Second Lien Agent shall provide the Solicitation Agent with the record holders of such debt (with mailing addresses and voting amounts as of the Record Date) in excel or other electronic form.

24. By separate application filed concurrently herewith, the Debtors have requested authority to retain Prime Clerk LLC as their voting and solicitation agent to serve the Solicitation Package, inspect, monitor, and supervise the solicitation process, serve as the tabulator of the ballots and certify to the Court the results of the balloting (in such capacity, the "<u>Solicitation Agent</u>").

25. The Solicitation Agent will transmit the Solicitation Package to the known holders of Claims and Equity Interests in the Voting Classes based upon names and addresses in the proofs of claim filed by the claimants, or the Debtors' schedules if no proof of claim was filed by the Record Date. Each holder of an Allowed Claim or Equity Interest in the Voting Classes will be required to return a properly executed Ballot so that it is received by the Solicitation Agent on or before the Voting Deadline (as defined below) in order for that holder's Ballot to be counted.

26. In advance of the hearing on this Motion, the Solicitation Agent mailed the notice of the hearing on this Motion upon all known creditors and holders of equity interest holders pursuant to Bankruptcy Rule 3017(a). The Debtors expect that certain of such notices

will be returned by the United States Postal Service as undeliverable.³ After approval hereof, and in connection with mailing Solicitation Packages or Non-Voting Class Notices, the Debtors believe that it would be costly and wasteful to mail such Solicitation Packages or Non-Voting Class Notices to the same addresses from which notices of this Motion are returned as undeliverable. Therefore, the Debtors seek the Court's approval to dispense with service as to each such creditor or interest holder as to which notice of this Motion was returned as undeliverable unless the Debtors are provided with an accurate address prior to the Disclosure Statement hearing. Further, as to Solicitation Packages or Non-Voting Class Notices that hereafter are mailed and returned by the United States Postal Service as undeliverable, the Debtors propose that they may, but shall not be required to, attempt to locate the correct address and resend Solicitation Packages prior to the Voting Deadline (as defined below) and Non-Voting Class Notices prior to the Confirmation Objection Deadline (as defined below). The Debtors further propose that to the extent any Solicitation Packages or Non-Voting Class Notices are returned as undeliverable and are re-sent, the initial mailing date shall be the date of service for the purpose of calculating notice.

**F.  Approval of Forms of Ballots**

27.  Bankruptcy Rule 3017(d) requires that ballots for accepting or rejecting the Plan should substantially conform to Official Form No. 14. The Debtors propose to use the ballot (the "Ballot") substantially in the form annexed hereto as <u>Exhibit C</u>. The Ballot is based on Official Form No. 14, but has been modified to address the particular requirements of the Debtors' chapter 11 cases and the Plan. The Debtors propose that the Ballot be distributed only

---

³ Upon the return of an undeliverable notice, the Debtors will perform a review of the notice address with the address set forth on the proofs of claim filed with the Court to confirm that the Debtors' notice address conforms to the creditor's address set forth in the proofs of claim. To the extent any errors occur, such creditor will be mailed the Solicitation Package or Non-Voting Class Notice, as applicable. Further, the Debtors will incorporate into the creditor address database all change of address notices received from creditors.

to holders of Claims or Equity Interests in the Voting Classes, as these are the only Classes entitled to vote to accept or reject the Plan.

**G.     Voting Deadline for Receipt of Ballots**

28.     Pursuant to Bankruptcy Rule 3017(c), at the time of or before approval of the Disclosure Statement, "the court shall fix a time within which the holders of claims and interests may accept or reject a plan." Fed. R. Bankr. P. 3017(c). The Debtors respectfully request that the Court establish a date **twenty-eight (28) days** after service of the Confirmation Hearing Notice as the voting deadline (the "Voting Deadline"), which shall serve as the deadline by which all Ballots accepting or rejecting the Plan must be received by the Solicitation Agent, unless extended by the Debtors in writing. The Debtors request that to be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed, and delivered to the Solicitation Agent by: (a) first class mail, (b) overnight courier, (c) personal delivery, or (d) submission of an electronic Ballot through the Solicitation Agent's on-line electronic Ballot submission portal at https://cases.primeclerk.com/truereligion by no later than the Voting Deadline.

29.     The Solicitation Agent shall file with the Bankruptcy Court, no later than **[three (3)] business days** prior to the Confirmation Hearing, an affidavit regarding the results of the tabulation of the Ballots received on the Plan.

**H.     Procedures for Vote Tabulation**

30.     The Bankruptcy Code provides that a class of claims or interests has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in amount and more than one-half in number of the allowed claims or interests of such class held by creditors that have accepted or rejected such plan. 11 U.S.C. §§ 1126(c) and (d). Further, the

Bankruptcy Rules provide that "the court after notice and hearing may temporarily allow a claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

31.  With respect to Claims and Equity Interests, and solely for purposes of voting on the Plan, the Debtors propose the following (collectively, the "Voting Procedures"):[4]

- a. If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim amount contained on a timely filed Proof of Claim or, if no timely filed Proof of Claim has been filed by the Voting Deadline, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed amount of such Claim listed in the Debtors' Schedules of Assets and Liabilities;

- b. If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated or disputed, undetermined or unknown in amount, such claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

- c. If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

- d. If a holder of a Claim in a Voting Class casts a Ballot with respect to a Claim that is the subject of an objection filed no later than **[fourteen (14)] days** prior to the Confirmation Hearing, the Debtors request, in accordance with Bankruptcy Rule 3018, that the party's Ballot not be counted, unless the Court temporarily allows such Claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "Rule 3018 Motion") no later than a date that is **[seven (7)] days** before the Confirmation Hearing, and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing. Notwithstanding the foregoing, if the Debtors file an objection to a Claim and request that such Claim be allowed in a specific amount, such creditor's Ballot shall be counted in such specified amount;

- e. Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

- f. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same

---

[4] All references to "Claim" in the Voting and Tabulation Procedures shall been deemed to also refer to Equity Interests, as applicable.

Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

g. If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtors have objected to such Claim, and only the amending Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

h. For purposes of the numerosity requirement of § 1126(c), a Creditor with multiple Claims in a particular Class may vote each of its Claims against the Debtors in such Class, but must vote all of such Claims either to accept the Plan or all of such Claims to reject the Plan, and each such vote to accept or reject the Plan shall be counted separately;

i. If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, or if the Claim is on account of a contract or lease that has been assumed pursuant to section 365 of the Bankruptcy Code, such Claim shall also be disallowed or disregarded for voting purposes; and

j. If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

32. Additionally, the Debtors propose that the following voting procedures and standard assumptions be used in tabulating the Ballots (collectively, together with the Voting Procedures, the "<u>Voting and Tabulation Procedures</u>"):

a. Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b. Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c. Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d. Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f. Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court; provided, however, that Ballots may be electronically submitted using the Solicitation Agent's official on-line eletronic ballot portal at https://cases.primeclerk.com/truereligion;

i. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, in consultation with counsel to the Ad Hoc Group, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in consultation with counsel to the Ad Hoc Group, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in consultation with counsel to the Ad Hoc Group, which determination shall be final and binding;

n.  If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o.  Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.  Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.  Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.  No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.  The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Equity Interest.

33. Finally, if no Holder of a Claim or Equity Interest eligible to vote in a particular Class, timely votes to accept or reject the Plan, the Debtors may seek to have the Plan deemed **accepted** by the Holders of such Claims or Equity Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

I.  **Establishment of Deadline and Procedures for Filing any Objections to Confirmation of the Plan and the Confirmation Brief**

34. Bankruptcy Rule 3020(b) provides that objections to the confirmation of a proposed chapter 11 plan must be filed with the bankruptcy court and served on the debtor, the trustee, any committee appointed under the Bankruptcy Code, and on any other entity designated

by the bankruptcy court, within a time specified by the bankruptcy court. Bankruptcy Rules 2002(b) and 2002(d) require 28 days' notice of the Confirmation Hearing and the deadline to object to confirmation of the Plan.

35. To comply with the 28-day notice requirement of Bankruptcy Rule 2002(b) and 2002(d) and the solicitation schedule described above, and to permit the Debtors adequate time to respond to any objections prior to the Confirmation Hearing, the Debtors respectfully request that the Court establish a date that is **twenty-eight (28) days** after the date of service of the Confirmation Hearing Notice as the date (the "Confirmation Objection Deadline") by which any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must be filed with the Court and served on the parties identified below, together with proof of service.

36. The Debtors further propose that objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party, including the amount of the claim or number of shares of stock held; and (c) state with particularity the basis and nature of any objection to the confirmation of the Plan. Any such objection must be filed with the Court and served so that it is received by the following parties on or before the Confirmation Objection Deadline: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801; (c) counsel to Towerbrook, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Joshua Feltman); (d) counsel to the Consenting Creditors, Akin Gump Strauss Hauer Feld, LLP, Bank of America Tower, One Bryant Park, New

York, NY 10036 (Attn: Arik Preis, Jason P. Rubin, Yochun Katie Lee) and Ashby & Geddes, P.A. 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899-1150 (Attn: Karen B. Skomorucha Owens); (e) counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726 (Attn: Julia Frost-Davies and Christopher L. Carter) and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, (Attn: Kurt F. Gwynne); and (f) any party requesting special notice pursuant to Bankruptcy Rule 2002.

37. The Debtors request that the Court establish a date that is **[three (3)] business days** before the Confirmation Hearing as the date by which the Debtors must file with the Court a brief supporting confirmation of the Plan (including any supporting memoranda) and replying to any objections or responses. The Debtors shall serve the brief on the parties that filed objections or responses to the Plan, the Office of the United States Trustee, and all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002.

38. The Debtors submit that the foregoing procedures for providing notice of the Confirmation Hearing, the Confirmation Objection Deadline and related matters fully comply with Bankruptcy Rules 2002 and 3017. Accordingly, the Debtors request that the Court approve the proposed procedures as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

### Notice

39. The Debtors will provide notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee; (b) the Ad Hoc Group; (c) Citizens Bank, N.A., as administrative agent and collateral agent (in such capacities, the "DIP Agent"); (d) the Debtors' thirty largest unsecured creditors on a consolidated basis; (e) counsel to any official committee appointed in these cases; and (f) any party that has requested notice

pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter the Disclosure Statement Order, in substantially the form attached hereto: (i) approving the Disclosure Statement; (ii) scheduling the Confirmation Hearing; (iii) approving the form and manner of notice of the Confirmation Hearing; (iv) establishing procedures for solicitation and tabulation of votes to accept or reject the Plan, including (A) establishing a Record Date and approving procedures for distributing solicitation packages; (B) approving the form and content of the solicitation package, including the form of ballots; (C) establishing a voting deadline for the receipt of ballots; and (D) approving procedures for tabulating acceptances and rejections of the Plan; (v) establishing the deadline and procedures for filing objections to confirmation of the Plan; and (vi) granting related relief.

Dated: July 5, 2017

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (*to be admitted pro hac vice*)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
joneill@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession