# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*,[1] | ) | Case No. 17-11460 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) APPROVING DISCLOSURE STATEMENT; (II) SCHEDULING
CONFIRMATION HEARING; (III) APPROVING FORM AND MANNER OF
NOTICE OF CONFIRMATION HEARING; (IV) ESTABLISHING PROCEDURES
FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT
PLAN, INCLUDING (A) APPROVING FORM AND CONTENTS OF SOLICITATION
PACKAGE; (B) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES
FOR DISTRIBUTION OF SOLICITATION PACKAGES; (C) APPROVING FORMS OF
BALLOTS; (D) ESTABLISHING VOTING DEADLINE FOR RECEIPT OF BALLOTS
AND (E) APPROVING PROCEDURES FOR VOTE TABULATIONS;
(V) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS
TO CONFIRMATION OF PLAN; AND (VI) GRANTING RELATED RELIEF**

This matter coming before the Court on the *Disclosure Statement in Respect of
Debtors' Joint Chapter 11 Plan of Reorganization* (including all exhibits thereto and as may be
amended, modified or supplemented in accordance with the terms therein, the "Disclosure
Statement") [Docket No. _____] and the *Debtors' Motion for an Order (I) Approving the
Disclosure Statement (II) Scheduling the Confirmation Hearing; (III) Approving Form and
Manner of Notice of Confirmation Hearing; (IV) Establishing Procedures for Solicitation and
Tabulation of Votes to Accept or Reject Plan, Including (A) Approving the Form and Contents of
the Solicitation Package; (B) Establishing Record Date and Approving Procedures for
Distributing Solicitation Packages; (C) Approving the Forms of Ballots; (D) Establishing Voting*

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True
Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion
Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service
address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

*Deadline for Receipt of Ballots; and (E) Approving Procedures for Vote Tabulations; (V)*

*Establishing the Deadline and Procedures for Filing Objections to Confirmation of Plan; and*

*(VI) Granting Related Relief* (the "Motion")[2] filed by True Religion Apparel, Inc. and its

affiliated debtors and debtors in possession (the "Debtors"); and after considering objections to

the Motion, if any; and upon the record and after due deliberation thereon; and the Court finding

that proper and adequate notice of the hearing on approval of the Disclosure Statement and of the

Motion has been given to all parties in interest, and no other or further notice or hearing being

necessary; and after due deliberation and sufficient cause appearing therefor; IT IS HEREBY

FOUND, ORDERED AND ADJUDGED as follows:[3]

      1.     The Motion is GRANTED as provided herein.

### Approval of Disclosure Statement

      2.     The Disclosure Statement contains "adequate information" within the

meaning of section 1125 of the Bankruptcy Code regarding the *Debtors' Joint Chapter 11 Plan*

*of Reorganization* [Docket No. _____] (including all exhibits thereto and as amended, modified or

supplemented, the "Plan"). Therefore, the Disclosure Statement is approved pursuant to 11

U.S.C. § 1125(b) and Fed. R. Bankr. P. 3017(b).

      3.     All objections to the adequacy of the Disclosure Statement, if any, are, to

the extent not consensually resolved as set forth herein, OVERRULED in their entirety.

### Confirmation Hearing

      4.     The hearing to consider confirmation of the Plan shall commence on

**_____, 2017 at __:__ . m. (prevailing Eastern time)** (the "Confirmation Hearing"). The

---

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Motion.

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. Fed. R. Bank. P. 7052.

Confirmation Hearing may be continued from time to time by announcing such continuance in open court or otherwise, all without further notice to parties in interest, and the Plan may be modified, if necessary, pursuant to section 1127 of the Bankruptcy Code, prior to, during, or as a result of, the Confirmation Hearing, without further notice to interested parties.

### Approval of Solicitation Packages

5.      The Debtors shall transmit, or cause to be transmitted, the Solicitation Packages, commencing no later than _____, **2017** (the "Solicitation Mailing") by first class, United States mail (or by international courier if the addresses are not located in the United States), to (a) holders of Claims or Equity Interests in Classes 3, 5 and 6, the only classes entitled to vote on the Plan (collectively, the "Voting Classes").

6.      To avoid duplication and reduce expenses, the Debtors shall serve only one Solicitation Package to each creditor or interest holder who has more than one Claim or Equity Interest, but shall include the appropriate Ballots for each class of Claims or Equity Interests.

7.      Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Classes. The Debtors shall transmit or cause to be transmitted no later than the Solicitation Mailing, by first class, United States mail (or by international courier if the addresses are not located in the United States), to each holder of a Claim or Equity Interest in the Non-Voting Classes, at its address to which notices are required to be sent pursuant to Bankruptcy Rule 2002(g), a notice substantially in the form attached to the Motion as Exhibit B (the "Non-Voting Class Notice"). The Non-Voting Class Notice will indicate that Accepting Non-Voting Classes are entitled to receive a copy of the Plan and Disclosure Statement, in electronic format unless specifically requested otherwise, at the expense

of the Debtors upon request. The Non-Voting Class Notice shall be deemed a summary of the Plan for purposes of compliance with Bankruptcy Rule 3017(d).

**Approval of Form and Manner of Notice of the Confirmation Hearing**

8. The Confirmation Hearing Notice, in substantially the form attached to the Motion as Exhibit A, as modified consistent with revisions to the Plan, is approved. As set forth above, the Confirmation Hearing Notice shall be included as part of the Solicitation Package and sent via regular mail to all creditors and parties in interest entitled to vote on the Plan. In addition, the Debtors shall serve the Confirmation Hearing Notice upon (a) the Securities & Exchange Commission; (b) the Internal Revenue Service; (c) the Office of the United States Trustee; (d) all known creditors, equity holders, and parties in interest; and (e) those parties that have requested service under Bankruptcy Rule 2002.

9. On one occasion on or prior to the Solicitation Mailing, the Debtors shall publish a notice substantially similar to the Confirmation Hearing Notice in the national edition of *The Wall Street Journal* or *USA Today*.

**Record Date and Approval of Procedures for Distribution of Solicitation Packages**

10. The record date shall be the first date of the hearing on this Motion (the "Record Date") for purposes of determining which parties are entitled to receive the Solicitation Packages or the Non-Voting Class Notice and, where applicable, vote on the Plan. Within one business day after the Record Date, the Prepetition First Lien Agent and the Prepetition Second Lien Agent shall provide the Solicitation Agent with the record holders of such debt (with mailing addresses and voting amounts as of the Record Date) in excel or other electronic form.

11. Prime Clerk LLC (the "Solicitation Agent") shall serve the Solicitation Package and notices regarding the Confirmation Hearing, inspect, monitor and supervise the

solicitation process, serve as the tabulator of the ballots and certify to the Court the results of the balloting.

12.     The Debtors and/or the Solicitation Agent, as applicable, are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Class Notices to addresses and entities to which the notice of the Disclosure Statement hearing was returned by the United States Postal Service.  The Debtors and/or the Solicitation Agent are further relieved of any obligation to attempt to locate the correct address and resend prior to the Voting Deadline the Solicitation Packages or the Non-Voting Class Notice that are returned as undeliverable.  To the extent any Solicitation Packages are returned as undeliverable and are re-sent, the initial mailing date shall be the date of service for the purpose of calculating notice.

13.     In cases where a party has executed a Ballot in accordance with the terms of this Order, and has indicated corrections or updates to the mailing address used in the service of the Solicitation Package, either physically on the face of the Ballot or otherwise separately enclosed with the Ballot, the corrected or updated mailing address shall be used to reflect the mailing address of the creditor on the official register of Claims against or Equity Interests in the Debtors.

### Approval of Forms of Ballot

14.     The Ballots, substantially in the form attached to the Motion as Exhibits C1 – C3, as modified consistent with revisions to the Plan, are approved.

### Deadline for Receipt of Ballots

15.     Unless extended by the Debtors or their counsel in writing, Ballots accepting or rejecting the Plan must be received on or before **_____, 2017 at 4:00 p.m. (Prevailing Eastern Time)**, (the "Voting Deadline"), to _____ at the following address:

**True Religion Ballot Processing**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 3rd Floor**
**New York, NY 10022**

16.     Ballots received via facsimile, electronic mail or other electronic transmission will not be counted unless approved by the Debtors, *provided, however*, that Ballots may be electronically submitted using the Solicitation Agent's on-line eletronic ballot portal at https://cases.primeclerk.com/truereligion.

**Procedures for Vote Tabulation**

17.     Votes may not be changed after the Voting Deadline unless the Court, for cause, permits such change after notice and hearing pursuant to Bankruptcy Rule 3018(a).

18.     Ballots must be properly executed and counted. Any Ballot that is illegible or contains insufficient information to permit the identification of the holder of a Claim or Equity Interest in Classes 3, 5, and 6 will not be counted.

19.     The following tabulation procedures are approved solely for purposes of voting on the Plan (collectively, the "Voting Procedures"):[4]

    a.     If an objection has not been filed to a Claim, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed Claim amount contained on a timely filed Proof of Claim or, if no timely filed Proof of Claim has been filed by the Voting Deadline, the amount of such Claim for voting purposes shall be the non-contingent, liquidated and undisputed amount of such Claim listed in the Debtors' Schedules of Assets and Liabilities;

    b.     If a Claim for which a Proof of Claim has been timely filed is wholly contingent, unliquidated or disputed, undetermined or unknown in amount, such claim shall be temporarily allowed in the amount of $1.00 for voting purposes only, but not for purposes of allowance or distribution;

---

[4] All references to "Claim" in the Voting and Tabulation Procedures shall been deemed to also refer to Equity Interests, as applicable.

c.    If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount;

d.    If a holder of a Claim in a Voting Class casts a Ballot with respect to a Claim that is the subject of an objection filed no later than **[fourteen (14)] days** prior to the Confirmation Hearing, the Debtors request, in accordance with Bankruptcy Rule 3018, that the party's Ballot not be counted, unless the Court temporarily allows such Claim for purposes of voting to accept or reject the Plan, and that such creditor be required to file a motion for such relief (the "<u>Rule 3018 Motion</u>") no later than a date that is **[seven (7)] days** before the Confirmation Hearing, and that the Court schedule a hearing on such motion for a date on or prior to the Confirmation Hearing.  Notwithstanding the foregoing, if the Debtors file an objection to a Claim and request that such Claim be allowed in a specific amount, such creditor's Ballot shall be counted in such specified amount;

e.    Holders of Proofs of Claim filed for $0.00 are not entitled to vote;

f.    Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased one or more duplicate Claims within the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

g.    If a Claim is the subject of an amended Proof of Claim, the originally filed Proof of Claim shall be deemed superseded by the later filed amended Proof of Claim, regardless of whether or not the Debtors have objected to such Claim, and only the amending Proof of Claim shall be used for the purpose of determining voting eligibility in accordance with the provisions herein;

h.    For purposes of the numerosity requirement of § 1126(c), a Creditor with multiple Claims in a particular Class may vote each of its Claims against the Debtors in such Class, but must vote all of such Claims either to accept the Plan or all of such Claims to reject the Plan, and each such vote to accept or reject the Plan shall be counted separately;

i.    If a Claim has been disallowed by agreement of the applicable creditor or order of the Court at any time before the Voting Deadline, or if the Claim is on account of a contract or lease that has been assumed pursuant to section 365 of the Bankruptcy Code,

such Claim shall also be disallowed or disregarded for voting purposes; and

j.     If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

20.     The following voting procedures and standard assumptions shall be used in tabulating the Ballots (collectively, together with the Voting Procedures, the "Voting and Tabulation Procedures"):

a.     Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b.     Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c.     Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.     Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.     Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.     Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g.     The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.    Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court; *provided, however*, that Ballots may be electronically submitted using the Solicitation Agent's official on-line eletronic ballot portal at https://cases.primeclerk.com/truereligion;

i.    No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j.    If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.    If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l.    The Debtors, in consultation with counsel to the Ad Hoc Group, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in consultation with counsel to the Ad Hoc Group, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.    Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in consultation with counsel to the Ad Hoc Group, which determination shall be final and binding;

n.    If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o.    Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.    Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.    No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.    The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Equity Interest.

21.    If no Holder of a Claim or Equity Interest eligible to vote in a particular Class timely votes to accept or reject the Plan, the Debtors may seek to have the Plan deemed **accepted** by the Holders of such Claims or Equity Interests in such Class for purposes of section 1129(b) of the Bankruptcy Code.

22.    The Solicitation Agent shall file with the Bankruptcy Court, no later than **[three (3)]** business days prior to the Confirmation Hearing an affidavit regarding the results of the tabulation of the Ballots received on the Plan.

**Deadline and Procedures for Filing
Objections to Confirmation of the Plan and the Confirmation Brief**

23.    All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, be filed with the Clerk of the United States Bankruptcy Court for the District of Delaware, Third Floor, 824 Market Street, Wilmington, Delaware 19801

together with proof of service, and shall (a) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtors' chapter 11 cases, (b) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (c) be served upon the following parties (the "Notice Parties") so as to be received on or **before _____, 2017 at 4:00 p.m. (Prevailing Eastern Time)** (the "Plan Objection Deadline"):  (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn:  Laura Davis Jones, Esq.; (b) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn:  \_\_\_\_, Esq.; (c) counsel to Towerbrook, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn:  Joshua Feltman); (d) counsel to the Consenting Creditors, Akin Gump Strauss Hauer Feld, LLP, Bank of America Tower, One Bryant Park, New York, NY 10036 (Attn: Arik Preis, Jason P. Rubin, Yochun Katie Lee) and Ashby & Geddes, P.A., 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899-1150 (Attn: Karen B. Skomorucha Owens); (e) counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726 (Attn: Julia Frost-Davies  and Christopher L. Carter) and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, (Attn: Kurt F. Gwynne); and (f) any party requesting special notice pursuant to Bankruptcy Rule 2002.

24.     All objections not timely filed and served in accordance with the provisions of this Order are hereby deemed waived and will not be considered by this Court.

25.     The Debtors shall file at least **[three (3) business days]** before the Confirmation Hearing, a brief supporting confirmation of the Plan (including any supporting memoranda) and replying to any objections or responses.  The Debtors shall serve the brief on

the parties that filed objections or responses to the Plan, the Office of the United States Trustee, and all parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002.

26.    Prior to mailing the Disclosure Statement, Solicitation Packages or the Non-Voting Class Notice, the Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem necessary.

27.    In the event of an inconsistency between the Plan, on the one hand, and the Disclosure Statement (or solicitation materials or procedures approved by this Order), on the other hand, the Plan shall control.

28.    The Debtors and the Solicitation Agent are authorized and empowered to take such steps, expend such monies, and perform such acts as may be necessary to implement and effectuate the terms of this Order.

29.    This Court retains jurisdiction over any and all matters arising out of or related to the interpretation or implementation of this Order.

Dated: _____, 2017      _____
The Honorable _____
United States Bankruptcy Judge

# EXHIBIT A

**Confirmation Hearing Notice**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*,[1] | ) | Case No. 17-11460 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF (A) HEARING TO CONSIDER CONFIRMATION OF CHAPTER 11 PLAN; (B) DEADLINE FOR CASTING VOTES TO ACCEPT OR REJECT PLAN; AND (C) RELATED MATTERS

### TO: HOLDERS OF CLAIMS AND EQUITY INTERESTS OF THE ABOVE-CAPTIONED DEBTORS:

On _____, 2017, True Religion Apparel, Inc. and certain of its above-captioned affiliates, as debtors and debtors in possession (the "Debtors") filed the *Debtors' Joint Chapter 11 Plan of Reorganization* dated _____, 2017 [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").

Concurrently with the filing of the Plan, the Debtors filed the related Disclosure Statement in support of the Plan [Docket No. ___] (including all exhibits thereto and as may be amended, modified or supplemented from time to time, collectively, the "Disclosure Statement"). On _____, 2017, this Court entered an order approving the Disclosure Statement [Docket No. ___] (the "Disclosure Statement Order") and certain related materials (collectively, the "Solicitation Materials").

A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on _____, **2017** commencing at __:__ **.m.** prevailing Eastern time before the Honorable _____, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. __, Wilmington, Delaware 19801.

The record date for determining which holders of claims or interests in the Debtors may vote on the Plan is _____, 2017 (the "Record Date"). If you have received with this Notice a ballot form (a "Ballot"), you are eligible to vote to accept or reject the Plan.

For your Ballot to be counted, you must complete all required information on the Ballot, execute the Ballot and **return the completed Ballot to the address indicated on the Ballot so that it is received by 4:00 p.m. Eastern Time on _____, 2017** (the "Voting Deadline"). Any failure to follow the voting instructions included with the Ballot or to return a properly completed Ballot so that it is received by the Voting Deadline may disqualify your Ballot and your vote.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

If an objection is pending with respect to your Claim as of _____, 2017, your vote will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan, and you are required to file a motion for such relief (the "Rule 3018 Motion") no later than _____, 2017, which may be heard on or prior to the Confirmation Hearing. Notwithstanding the foregoing, if the Debtors file an objection to a claim and request that such claim be allowed in a specific amount, your Ballot shall be counted in such specified amount.

The Bankruptcy Court has established _____, 2017, at 4:00 p.m., prevailing Eastern time, as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). All objections must state with particularity the legal and factual grounds for such objection; (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; (iv) be filed with the Court and served so as to be received by the Plan Objection Deadline; and (v) served on the following parties:

    (a)    The Debtors, 1888 Rosecrans Avenue, Manhattan Beach, CA 90266 (Attn: Chief Executive Officer);

    (b)    Counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Laura Davis Jones, Richard M. Pachulski, Robert Orgel, David Bertenthal);

    (d)    Counsel to TowerBrook, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Joshua Feltman);

    (e)    Counsel to the Consenting Creditors, Akin Gump Strauss Hauer Feld, LLP, Bank of America Tower, One Bryant Park, New York, NY 10036 (Attn: Arik Preis, Jason P. Rubin, Yochun Katie Lee) and Ashby & Geddes, P.A., 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899-1150 (Attn: Karen B. Skomorucha Owens);

    (f)    Counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726 (Attn: Julia Frost-Davies and Christopher L. Carter) and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, (Attn: Kurt F. Gwynne); and

    (g)    The Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801.

**Objections not timely filed and served by the Plan Objection Deadline in accordance with the provisions of this Notice will not be heard and will be overruled.**

**The Plan contains the proposed injunction and release provisions set forth on Annex A hereto.**

Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan at the Debtors' expense may do so by (i) contacting the Debtors' Solicitation Agent at 844.224.1136 (toll free) or 917.962.8386 (if international) or by email at truereligionballots@primeclerk.com or by (ii) viewing such documents by accessing online at https://cases.primeclerk.com/truereligion. The documents are also available on the Court's website: www.deb.uscourts.gov. Please note that a PACER password and login are needed to access documents on the Court's website.

The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.

Dated: _____, 2017

PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (*to be admitted pro hac vice*)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        joneill@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession

Article X of the Plan contains, among other things, the releases and injunction set forth below:

## Article X.C.   Releases by Holders of Claims and Interests

Except as otherwise provided in this Plan, on the Confirmation Date and effective as of the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Releasing Parties shall, and shall be deemed to, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish, and discharge each Released Party (and each such Released Party so discharged and released shall be deemed discharged and released by the Releasing Parties) and their respective property from any and all Claims, Equity Interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, judgments, defenses, counterclaims, and liabilities of any nature whatsoever, including any derivative Claims asserted or which could be asserted on behalf of a Debtor and/or a Reorganized Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Equity Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, any transactions contemplated by the Plan, the Chapter 11 Cases, the Prepetition First Lien Loan Agreement, the Prepetition Second Lien Loan Agreement, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, any payments, distributions, or dividends any Debtor or Affiliate paid to or received from any Released Party, fraudulent or preferential transfer or conveyance, tort, contract, breach of fiduciary duty, violation of state or federal laws, including securities laws, negligence, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Plan Supplement, or related agreements, instruments, or other documents; provided, however, that the foregoing release shall not operate to waive or release any Claims, obligations, debts, rights, suits, damages, remedies, Causes of Action, and liabilities in respect of any Released Party, solely to the extent: (1) arising out of or relating to any act or omission of such Released Party that constitutes fraud, gross negligence, bad faith or willful misconduct as determined by Final Order of a court of competent jurisdiction or (2) arising under the Plan or the Plan Documents.

## Article X.E.2.b.   Injunction Against Holders of Released, Discharged or Exculpated Claims.

Except as otherwise provided herein or for obligations issued pursuant hereto, all Entities that have held, hold, or may hold Claims or Equity Interests that have been released pursuant to ARTICLE X.B or ARTICLE X.C, discharged pursuant to ARTICLE X.A, or are subject to exculpation pursuant to ARTICLE X.D, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in

connection with or with respect to any such Claims or Equity Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (d) asserting any right of setoff (except for setoffs asserted prior to the Petition Date), subrogation, or of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests released, exculpated, or settled pursuant to the Plan.

The following are two relevant Plan definitions:

"*Released Party*" means, in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) the Prepetition First Lien Creditors; (d) the Prepetition Second Lien Creditors; (e) Equity Parent; (f) TowerBrook, (g) the Prepetition Revolver Agent; (h) each Prepetition Revolver Lender; (i) each other party to the Restructuring Support Agreement in all capacities; (j) the DIP Agent; (k) each DIP Lender; and (l) each Related Person of any of (a) through (k) of the foregoing; provided that, notwithstanding the foregoing, a person is not a "Released Party" if such Person is an Excluded Party.

"*Releasing Party*" means, in its capacity as such: (a) each Holder of a Claim that votes to accept this Plan; (b) each Holder of a Claim that is Unimpaired under this Plan; (c) each Holder of a Claim that is solicited to vote to accept or reject this Plan but that does not vote either to accept or reject the Plan; (d) each Holder of a Claim that votes to reject this Plan and does not elect on their ballot to opt out of granting the releases set forth in Article X.C ; (e) the Prepetition First Lien Creditors; (f) the Prepetition Second Lien Creditors; (g) Equity Parent; (h) TowerBrook; (i) the Prepetition Revolver Agent; (j) each Prepetition Revolver Lender; (k) the DIP Agent; (l) each DIP Lender; and (m) each Related Person of each of (a) through (l) of the foregoing.

## EXHIBIT B

**Notice of Non-Voting Status**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*,[1] | ) | Case No. 17-11460 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO CLASSES DEEMED TO ACCEPT OR REJECT DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION

**TO: HOLDERS OF CLAIMS IN CLASS 1 (NON-TAX PRIORITY CLAIMS), CLASS 2 (MISCELLANEOUS SECURED CLAIMS), CLASS 4 (CONTINUING OPERATIONS CLAIMS), AND CLASS 7 (INTERCOMPANY INTERESTS)**

PLEASE TAKE NOTICE that on _____, 2017, True Religion Apparel, Inc. and certain of its affiliates, the debtors in possession (the "Debtors"), filed the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").

PLEASE TAKE FURTHER NOTICE that on _____, 2017, the United States Bankruptcy Court for the District of Delaware entered an order (the "Disclosure Statement Order") [Docket No. ___] approving the adequacy of the *Disclosure Statement in Respect of Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, collectively, the "Disclosure Statement") and establishing procedures for soliciting votes on the Plan.

PLEASE TAKE FURTHER NOTICE that in accordance with the terms of the Plan, Class 1 (Priority Non-Tax Claims), Class 2 (Miscellaneous Secured Claims), Class 4 (Continuing Operations Claims), and Class 7 (Intercompany Interests) are unimpaired and, therefore, pursuant to Section 1126(f) of the Bankruptcy Code, the holders of Claims or Equity Interests in Class 1, Class 2, Class 4 and Class 7 are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a holder of a Claim or Equity Interest in Class 1, Class 2, Class 4 or Class 7.

PLEASE TAKE FURTHER NOTICE that Article X of the Plan contains injunction and release provisions, which are set forth on **Annex A** for your reference. Each Holder of a Claim or Equity Interest that is Unimpaired under the Plan is a Releasing Party (as defined in the Plan) and shall be deemed to grant the Releases set forth in Article X.C of the Plan. *See* attached Annex A.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

PLEASE TAKE FURTHER NOTICE that a hearing to consider confirmation of the Plan will be held on _____, **2017** commencing at __:__ _.m.** prevailing Eastern Time (the "Confirmation Hearing") before the Honorable _____, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 6th Floor, Courtroom No. __, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing or (ii) a written notice filed with the Bankruptcy Court and served on all parties who have filed objections to confirmation of the Plan, the United States Trustee, and all parties who have requested notice in this chapter 11 case pursuant to Bankruptcy Rule 2002.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the confirmation of the Plan must: (i) be in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the basis and nature of any objection; and (iv) be filed with the Bankruptcy Court and served so as to be received by:

(a)     The Debtors, 1888 Rosecrans Avenue, Manhattan Beach, CA 90266 (Attn: Chief Executive Officer);

(b)     Counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Laura Davis Jones, Richard M. Pachulski, Robert Orgel, David Bertenthal);

(d)     Counsel to TowerBrook, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Joshua Feltman);

(e)     Counsel to the Consenting Creditors, Akin Gump Strauss Hauer Feld, LLP, Bank of America Tower, One Bryant Park, New York, NY 10036 (Attn: Arik Preis, Jason P. Rubin, Yochun Katie Lee) and Ashby & Geddes, P.A., 500 Delaware Avenue, P.O. Box 1150, Wilmington, DE 19899-1150 (Attn: Karen B. Skomorucha Owens);

(f)     Counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726 (Attn: Julia Frost-Davies and Christopher L. Carter) and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, (Attn: Kurt F. Gwynne); and

(g)     The Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801.

PLEASE TAKE FURTHER NOTICE that this notice is provided to you for informational purposes only. Any party in interest wishing to obtain copies of the Disclosure Statement or the Plan may do so by (i) contacting the Debtors' Solicitation Agent at 844.224.1136 (toll free) or 917.962.8386 (if international) or by email at truereligionballots@primeclerk.com or by (ii) viewing such documents by accessing online at https://cases.primeclerk.com/truereligion or on the Court's website: www.deb.uscourts.gov. Please note that a PACER password and login are needed to access documents on the Court's website.

Dated: _____, 2017          PACHULSKI STANG ZIEHL & JONES LLP


Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        joneill@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in Possession

Article X of the Plan contains, among other things, the releases and injunction set forth below:

## Article X.C.   Releases by Holders of Claims and Interests

Except as otherwise provided in this Plan, on the Confirmation Date and effective as of the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Releasing Parties shall, and shall be deemed to, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish, and discharge each Released Party (and each such Released Party so discharged and released shall be deemed discharged and released by the Releasing Parties) and their respective property from any and all Claims, Equity Interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, judgments, defenses, counterclaims, and liabilities of any nature whatsoever, including any derivative Claims asserted or which could be asserted on behalf of a Debtor and/or a Reorganized Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Equity Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, any transactions contemplated by the Plan, the Chapter 11 Cases, the Prepetition First Lien Loan Agreement, the Prepetition Second Lien Loan Agreement, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, any payments, distributions, or dividends any Debtor or Affiliate paid to or received from any Released Party, fraudulent or preferential transfer or conveyance, tort, contract, breach of fiduciary duty, violation of state or federal laws, including securities laws, negligence, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Plan Supplement, or related agreements, instruments, or other documents; provided, however, that the foregoing release shall not operate to waive or release any Claims, obligations, debts, rights, suits, damages, remedies, Causes of Action, and liabilities in respect of any Released Party, solely to the extent: (1) arising out of or relating to any act or omission of such Released Party that constitutes fraud, gross negligence, bad faith or willful misconduct as determined by Final Order of a court of competent jurisdiction or (2) arising under the Plan or the Plan Documents.

## Article X.E.2.b.   Injunction Against Holders of Released, Discharged or Exculpated Claims.

Except as otherwise provided herein or for obligations issued pursuant hereto, all Entities that have held, hold, or may hold Claims or Equity Interests that have been released pursuant to ARTICLE X.B or ARTICLE X.C, discharged pursuant to ARTICLE X.A, or are subject to exculpation pursuant to ARTICLE X.D, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in

connection with or with respect to any such Claims or Equity Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (d) asserting any right of setoff (except for setoffs asserted prior to the Petition Date), subrogation, or of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests released, exculpated, or settled pursuant to the Plan.

The following are two relevant Plan definitions:

"*Released Party*" means, in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) the Prepetition First Lien Creditors; (d) the Prepetition Second Lien Creditors; (e) Equity Parent; (f) TowerBrook, (g) the Prepetition Revolver Agent; (h) each Prepetition Revolver Lender; (i) each other party to the Restructuring Support Agreement in all capacities; (j) the DIP Agent; (k) each DIP Lender; and (l) each Related Person of any of (a) through (k) of the foregoing; provided that, notwithstanding the foregoing, a person is not a "Released Party" if such Person is an Excluded Party.

"*Releasing Party*" means, in its capacity as such: (a) each Holder of a Claim that votes to accept this Plan; (b) each Holder of a Claim that is Unimpaired under this Plan; (c) each Holder of a Claim that is solicited to vote to accept or reject this Plan but that does not vote either to accept or reject the Plan; (d) each Holder of a Claim that votes to reject this Plan and does not elect on their ballot to opt out of granting the releases set forth in Article X.C ; (e) the Prepetition First Lien Creditors; (f) the Prepetition Second Lien Creditors; (g) Equity Parent; (h) TowerBrook; (i) the Prepetition Revolver Agent; (j) each Prepetition Revolver Lender; (k) the DIP Agent; (l) each DIP Lender; and (m) each Related Person of each of (a) through (l) of the foregoing.

# **EXHIBIT C**

## **Forms of Ballot**

# EXHIBIT C-1

# FORM OF BALLOT FOR PREPETITION FIRST LIEN CLAIMS

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*,[1] | ) | Case No. 17-11460 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## BALLOT TO ACCEPT OR REJECT
## DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

### CLASS 3: CREDITORS HOLDING PREPETITION FIRST LIEN CLAIMS

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 3 PREPETITION FIRST LIEN CLAIMS. PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON _____, 2017 (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED. FACSIMILE AND E-MAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] filed by True Religion Apparel, Inc. and its certain of its above-captioned affiliates as debtors and debtors in possession (the "Debtors") (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[2] The Plan is described in the related *Disclosure Statement in Respect of Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Class 3 and who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED IN ITEM 3 BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the holder of a Class 3 Prepetition First Lien Claim, hereby votes, in the amount set forth below, as follows (check <u>one</u> box):

☐ Accept the Plan          ☐ Reject the Plan.

Amount of Claim: $_____

**Item 2. Release.** The undersigned, the holder of a Class 3 Prepetition First Lien Claim hereby elects to opt out of the Releases set forth in the Plan (which relevant provisions are attached hereto for your reference) and which opt out election shall be effective only if the undersigned has voted to reject the Plan, and further described in the Voting Information and Instructions for Completing the Ballot (check if applicable):

☐ Opt Out of the Release Provisions

**Item 3. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| _____ | _____ |
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| _____ | _____ |
| Signature | |
| _____ | _____ |
| If by Authorized Agent, Name and Title | Street Address |
| | _____ |
| | City, State, Zip Code |
| _____ | _____ |
| Date Completed | Telephone Number |

**Item 2. Release.** The Holder of a Class 3 Prepetition First Lien Claim may be deemed to have agreed to the release set forth in Article X.C of the Plan, which is set forth below for your reference with a related injunction, provided that, notwithstanding the foregoing, a Person is not a "Releasing Party" if such Person affirmatively elects to opt-out of the releases provided for in the Plan, which, for a Holder of a Class 3 Prepetition First Lien Claim, may only occur by timely submitting a ballot both rejecting the Plan and opting out of such releases:

## Article X.C.   Releases by Holders of Claims and Interests

Except as otherwise provided in this Plan, on the Confirmation Date and effective as of the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Releasing Parties shall, and shall be deemed to, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish, and discharge each Released Party (and each such Released Party so discharged and released shall be deemed discharged and released by the Releasing Parties) and their respective property from any and all Claims, Equity Interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, judgments, defenses, counterclaims, and liabilities of any nature whatsoever, including any derivative Claims asserted or which could be asserted on behalf of a Debtor and/or a Reorganized Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Equity Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, any transactions contemplated by the Plan, the Chapter 11 Cases, the Prepetition First Lien Loan Agreement, the Prepetition Second Lien Loan Agreement, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, any payments, distributions, or dividends any Debtor or Affiliate paid to or received from any Released Party, fraudulent or preferential transfer or conveyance, tort, contract, breach of fiduciary duty, violation of state or federal laws, including securities laws, negligence, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Plan Supplement, or related agreements, instruments, or other documents; provided, however, that the foregoing release shall not operate to waive or release any Claims, obligations, debts, rights, suits, damages, remedies, Causes of Action, and liabilities in respect of any Released Party, solely to the extent: (1) arising out of or relating to any act or omission of such Released Party that constitutes fraud, gross negligence, bad faith or willful misconduct as determined by Final Order of a court of competent jurisdiction or (2) arising under the Plan or the Plan Documents.

## Article X.E.2.b.   Injunction Against Holders of Released, Discharged or Exculpated Claims.

Except as otherwise provided herein or for obligations issued pursuant hereto, all Entities that have held, hold, or may hold Claims or Equity Interests that have been released pursuant to ARTICLE X.B or ARTICLE X.C, discharged pursuant to ARTICLE X.A, or are subject to

exculpation pursuant to ARTICLE X.D, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (d) asserting any right of setoff (except for setoffs asserted prior to the Petition Date), subrogation, or of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests released, exculpated, or settled pursuant to the Plan.

The following are two relevant Plan definitions:

*Released Party*" means, in its capacity as such:  (a) each Debtor; (b) each Reorganized Debtor; (c) the Prepetition First Lien Creditors; (d) the Prepetition Second Lien Creditors; (e) Equity Parent; (f) TowerBrook, (g) the Prepetition Revolver Agent; (h) each Prepetition Revolver Lender; (i) each other party to the Restructuring Support Agreement in all capacities; (j) the DIP Agent; (k) each DIP Lender; and (l) each Related Person of any of (a) through (k) of the foregoing; provided that, notwithstanding the foregoing, a person is not a "Released Party" if such Person is an Excluded Party.

*Releasing Party*" means, in its capacity as such: (a) each Holder of a Claim that votes to accept this Plan; (b) each Holder of a Claim that is Unimpaired under this Plan; (c) each Holder of a Claim that is solicited to vote to accept or reject this Plan but that does not vote either to accept or reject the Plan; (d) each Holder of a Claim that votes to reject this Plan and does not elect on their ballot to opt out of granting the releases set forth in Article X.C ; (e) the Prepetition First Lien Creditors; (f) the Prepetition Second Lien Creditors; (g) Equity Parent; (h) TowerBrook; (i) the Prepetition Revolver Agent; (j) each Prepetition Revolver Lender; (k) the DIP Agent; (l) each DIP Lender; and (m) each Related Person of each of (a) through (l) of the foregoing.

# VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.    In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Solicitation Agent at the following address:

**True Religion Ballot Processing**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 3rd Floor**
**New York, NY 10022**

An envelope addressed to the Solicitation Agent is enclosed for your convenience.

Alternatively, you may submit your Ballot via the Solicitation Agent's online portal by visiting https://cases.primeclerk.com/truereligion. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

      **Unique E-Ballot ID#:**_____

The Solicitation Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.

**Ballots must be *received* by the Solicitation Agent by 4:00 p.m., Prevailing Eastern Time, on_____, 2017 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.

2.    Please sign and date your ballot as required in Item 3. Your signature is required before your ballot may be counted.

3.    If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan unless there is an objection to your claim pending as of _____, 2017. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, or any other party in interest, in any other context (*e.g.*, the right to contest the amount or validity of any claim for purposes of allowance under the Plan). If your claim is the subject of an objection that was filed by _____, 2017, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than _____, 2017. Notwithstanding the foregoing, if the Debtors file a timely objection to your claim and request that your claim be allowed in a specific amount, and you file a timely and valid Ballot, your Ballot shall be counted in such specified amount.

4.    The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

a.     Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b.     Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c.     Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.     Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.     Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.     Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g.     The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.     Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court; however Ballots may be electronically submitted using the Solicitation Agent's official on-line eletronic ballot portal at https://cases.primeclerk.com/truereligion;

i.     No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j.     If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.     If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l.     The Debtors, in consultation with counsel to the Ad Hoc Group, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in consultation with counsel to the Ad Hoc Group, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.     Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in consultation with counsel to the Ad Hoc Group, which determination shall be final and binding;

n.     If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o.       Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.       Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.       Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.       No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s.       The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.       The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Equity Interest.

5.       NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.       **PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL.**

NO PERSON, INCLUDING THE SOLICITATION AGENT, HAS BEEN AUTHORIZED TO GIVE ANY ADVICE, INCLUDING LEGAL ADVICE, REGARDING THE DEBTORS OR THE PLAN.

**EXHIBIT C–2**

**FORM OF BALLOT FOR GENERAL UNSECURED CLAIMS**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*,[1] | ) | Case No. 17-11460 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## BALLOT TO ACCEPT OR REJECT
## DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

### CLASS 5: CREDITORS HOLDING GENERAL UNSECURED CLAIMS

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 5 GENERAL UNSECURED CLAIMS AGAINST THE DEBTORS. PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY. IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON _____, 2017 (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED. FACSIMILE AND E-MAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] filed by True Religion Apparel, Inc. and certain of its above-captioned affiliates as debtors and debtors in possession (the "Debtors") (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[2] The Plan is described in the related *Disclosure Statement in Respect of Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware. The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim(s) under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the claims in Class 5 who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

**\*IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS 5\***

**Class 5 Treatment**.  The Plan provides that each Holder of an Allowed General Unsecured Claim will receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed General Unsecured Claim, its Pro Rata share of the Class 5 Default Consideration, consisting of:

       (1)      Reorganized First Lien Term Loans in the aggregate principal amount of $2.5 million under the Reorganized First Lien Term Loan Facility;

       (2)      The number of Exchange Common Shares equal to 5.5% of the maximum number of Exchange Common Shares distributable under the Plan; and

       (3)      Class A Warrants.

       **IN ADDITION AND ONLY IF CLASS 5 VOTES TO ACCEPT THE PLAN,** each Holder of an Allowed General Unsecured Claim will also receive, in full satisfaction, settlement, discharge and release of, and in exchange for, such Allowed General Unsecured Claim, also will receive its Pro Rata share of the Class 5 Consensual Plan Consideration, consisting of:

       (1)      $[1,000,000] in Cash;

       (2)      Additional Reorganized First Lien Term Loans in the aggregate principal amount of $2.0 million under the Reorganized First Lien Term Loan Facility; provided, however, if any Holder of an Allowed General Unsecured Claim is a Class 5 Electing Holder, such Holder will receive the Class 5 Warrants for Debt Treatment with respect to its Class 5 Swapped Debt; and

       (3)      the Class 5 Equity Cash Out Option.

**Class 5 Equity Cash Out Option**.  The Class 5 Equity Cash Out Option entitles Holders of Allowed General Unsecured Claims to elect to receive Cash (i.e., in addition to their Pro Rata share of the additional aggregate $1.0 million pool of Cash) in lieu of Exchange Common Shares equal to such Holder's Pro Rata share of $[1.013 million] (as measured, for the avoidance of doubt, based on such Holder's Allowed General Unsecured Claim as a percentage of all Allowed General Unsecured Claims, and not as a percentage of all Allowed General Unsecured Claims of Holders who elect the Class 5 Equity Cash Out Option).

**Class 5 Electing Holders and Class 5 Warrants for Debt Treatment**.  If Class 5 votes to accept the Plan, each Holder of an Allowed Prepetition First Lien Claim that (a) is a Holder of an Allowed Prepetition Second Lien Claim and (b) is party to the Restructuring Support Agreement may elect to receive Class D Warrants in lieu of receiving their Pro Rata share of the additional $2.0 million of Reorganized First Lien Term Loans that such Holder would otherwise receive on account of its Allowed General Unsecured Claim (such Holder being referred to as a "Class 5 Electing Holder").  For waiving its right to receive its Pro Rata share of such additional $2.0 million of Reorganized First Lien Term Loans if Class 5 votes to accept the Plan (referred to in the Plan as the "Class 5 Swapped Debt"), a Class 5 Electing Holder will receive, instead, its Pro Rata share of Class D Warrants to purchase [1.0]% of the fully-diluted New Common Shares [for each $206,100 of Class 5 Swapped Debt] of the fully-diluted New Common Shares at an initial exercise price per share struck at a $330 million equity valuation for Reorganized Holdings.  Such election will result in a reduction in the principal amount of the Reorganized First Lien Term Loan Facility without regard to the impact of any other such elections by Holders of Allowed General Unsecured Claims.  For the avoidance of doubt, a Class 5 Electing Holder is not waiving its right to any other distributions due to it in respect of any Allowed General Unsecured Claim (including its Pro Rata share of the $2.5 million of Reorganized First Lien Term Loans available to Holders of Allowed General Unsecured Claims regardless of whether Class 5 votes to accept or reject the Plan), any Allowed Prepetition First Lien Claim or any other Claim it may hold.

> **PLEASE REFER TO THE PLAN FOR THE COMPLETE TREATMENT OF CLASS 5 CLAIMS. IN THE EVENT OF ANY INCONSISTENCY BETWEEN THIS BALLOT AND THE PLAN, THE PLAN SHALL CONTROL.**

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ITEM 1. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST. IF THIS BALLOT IS NOT SIGNED IN ITEM 3 BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the holder of a Class 5 General Unsecured Claim hereby votes, in the amount set forth below, as follows (check <u>one</u> box):

        ☐ Accept the Plan        ☐ Reject the Plan.

        Amount of Claim:  $_____

**Item 2. Release.** The undersigned, the holder of a Class 5 General Unsecured Claim hereby elects to opt out of the Releases set forth in the Plan (which relevant provisions are attached hereto for your reference and which opt out election shall be effective only if the undersigned has voted to reject the Plan), and further described in the Voting Information and Instructions for Completing the Ballot (check if applicable):

        ☐ Opt Out of the Release Provisions

**Item 3. Class 5 Equity Cash Out Option.** The undersigned, the holder of a Class 5 General Unsecured Claim hereby elects to exercise the Class 5 Equity Cash Out Option, which election shall be applicable and effective only if Class 5 votes to accept the Plan (check if applicable):

        ☐ Yes, I will exercise the Class 5 Equity Cash Out Option

**Item 4. Class 5 Warrant for Debt Treatment.** The undersigned, the holder of a Class 5 General Unsecured Claim hereby elects the Class 5 Warrants for Debt Treatment, which election shall be applicable and effective only if Class 5 votes to accept the Plan (check if applicable):

        ☐ Yes, I will be a Class 5 Electing Holder

**Item 5.   Acknowledgments.**   By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

| | |
|---|---|
| Name of Creditor | Social Security or Federal Tax I.D. No. (optional) |
| Signature | |
| If by Authorized Agent, Name and Title | Street Address |
| | City, State, Zip Code |
| Date Completed | Telephone Number |

**Item 2. Release.** The Holder of a Class 5 General Unsecured Claim may be deemed to have agreed to the release set forth in Article X.C of the Plan, which is set forth below for your reference with a related injunction; provided that, notwithstanding the foregoing, a Person is not a "Releasing Party" if such Person affirmatively elects to opt-out of the releases provided for in the Plan, which, for a Class 5 General Unsecured Claim, may only occur by timely submitting a ballot both rejecting the Plan and opting out of such releases:

## Article X.C.    Releases by Holders of Claims and Interests

Except as otherwise provided in this Plan, on the Confirmation Date and effective as of the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Releasing Parties shall, and shall be deemed to, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish, and discharge each Released Party (and each such Released Party so discharged and released shall be deemed discharged and released by the Releasing Parties) and their respective property from any and all Claims, Equity Interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, judgments, defenses, counterclaims, and liabilities of any nature whatsoever, including any derivative Claims asserted or which could be asserted on behalf of a Debtor and/or a Reorganized Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Equity Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, any transactions contemplated by the Plan, the Chapter 11 Cases, the Prepetition First Lien Loan Agreement, the Prepetition Second Lien Loan Agreement, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, any payments, distributions, or dividends any Debtor or Affiliate paid to or received from any Released Party, fraudulent or preferential transfer or conveyance, tort, contract, breach of fiduciary duty, violation of state or federal laws, including securities laws, negligence, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Plan Supplement, or related agreements, instruments, or other documents; provided, however, that the foregoing release shall not operate to waive or release any Claims, obligations, debts, rights, suits, damages, remedies, Causes of Action, and liabilities in respect of any Released Party, solely to the extent: (1) arising out of or relating to any act or omission of such Released Party that constitutes fraud, gross negligence, bad faith or willful misconduct as determined by Final Order of a court of competent jurisdiction or (2) arising under the Plan or the Plan Documents.

## Article X.E.2.b.    Injunction Against Holders of Released, Discharged or Exculpated Claims.

Except as otherwise provided herein or for obligations issued pursuant hereto, all Entities that have held, hold, or may hold Claims or Equity Interests that have been released pursuant to ARTICLE X.B or ARTICLE X.C, discharged pursuant to ARTICLE X.A, or are subject to

exculpation pursuant to ARTICLE X.D, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (d) asserting any right of setoff (except for setoffs asserted prior to the Petition Date), subrogation, or of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests released, exculpated, or settled pursuant to the Plan.

The following are two relevant Plan definitions:

"*Released Party*" means, in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) the Prepetition First Lien Creditors; (d) the Prepetition Second Lien Creditors; (e) Equity Parent; (f) TowerBrook, (g) the Prepetition Revolver Agent; (h) each Prepetition Revolver Lender; (i) each other party to the Restructuring Support Agreement in all capacities; (j) the DIP Agent; (k) each DIP Lender; and (l) each Related Person of any of (a) through (k) of the foregoing; provided that, notwithstanding the foregoing, a person is not a "Released Party" if such Person is an Excluded Party.

"*Releasing Party*" means, in its capacity as such: (a) each Holder of a Claim that votes to accept this Plan; (b) each Holder of a Claim that is Unimpaired under this Plan; (c) each Holder of a Claim that is solicited to vote to accept or reject this Plan but that does not vote either to accept or reject the Plan; (d) each Holder of a Claim that votes to reject this Plan and does not elect on their ballot to opt out of granting the releases set forth in Article X.C ; (e) the Prepetition First Lien Creditors; (f) the Prepetition Second Lien Creditors; (g) Equity Parent; (h) TowerBrook; (i) the Prepetition Revolver Agent; (j) each Prepetition Revolver Lender; (k) the DIP Agent; (l) each DIP Lender; and (m) each Related Person of each of (a) through (l) of the foregoing.

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.  In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Solicitation Agent at the following address:

    **True Religion Ballot Processing**
    **c/o Prime Clerk LLC**
    **830 3rd Avenue, 3rd Floor**
    **New York, NY 10022**

    An envelope addressed to the Solicitation Agent is enclosed for your convenience.

    Alternatively, you may submit your Ballot via the Solicitation Agent's online portal by visiting https://cases.primeclerk.com/truereligion. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

    IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

    **Unique E-Ballot ID#:**_____

    The Solicitation Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

    Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Creditors who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.

    **Ballots must be *received* by the Solicitation Agent by 4:00 p.m., Prevailing Eastern Time, on_____, 2017 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.

2.  Please sign and date your ballot as required in Item 5. Your signature is required before your ballot may be counted.

3.  If your claim has not been previously allowed by order of the Bankruptcy Court, your claim will be deemed to be temporarily allowed, solely for purposes of voting on the Plan unless there is an objection to your claim pending as of _____, 2017. The temporary allowance of your claim for voting purposes does not constitute an allowance of your claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors, or any other party in interest, in any other context (*e.g.*, the right to contest the amount or validity of any claim for purposes of allowance under the Plan). If your claim is the subject of an objection that was filed by _____, 2017, in accordance with Bankruptcy Rule 3018, your Ballot will not be counted unless the Court temporarily allows your claim for purposes of voting to accept or reject the Plan. In order for a claim subject to a timely filed objection to be temporarily allowed for voting purposes only, you are required to file a motion with the Bankruptcy Court seeking such relief by no later than _____, 2017. Notwithstanding the foregoing, if the Debtors file a timely objection to your claim and request that your claim be allowed in a specific amount, and you file a timely and valid Ballot, your Ballot shall be counted in such specified amount.

4.  The following voting and standard assumptions shall be used in tabulating Ballots, including yours:

a.       Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

b.       Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each class to either accept or reject the Plan.  If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

c.       Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

d.       Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e.       Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f.       Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g.       The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h.       Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required.  Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court; however Ballots may be electronically submitted using the Solicitation Agent's official on-line eletronic ballot portal at https://cases.primeclerk.com/truereligion;

i.       No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j.       If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k.       If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l.       The Debtors, in consultation with counsel to the Ad Hoc Group, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice.  Except as otherwise provided herein, the Debtors may, in consultation with counsel to the Ad Hoc Group, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m.       Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in consultation with counsel to the Ad Hoc Group, which determination shall be final and binding;

n.       If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o.      Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p.      Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q.      Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.      No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.      The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Equity Interest.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      **PLEASE RETURN YOUR BALLOT PROMPTLY.  THE SOLICITATION AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL**.

**EXHIBIT C-3**

**FORM OF CLASS 6 EQUITY INTERESTS IN HOLDINGS BALLOT**

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*,[1] | ) | Case No. 17-11460 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## BALLOT TO ACCEPT OR REJECT
## DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION

### CLASS 6:  EQUITY INTERESTS IN TRLG INTERMEDIATE HOLDINGS, LLC ("HOLDINGS")

**THIS BALLOT IS TO BE USED BY OR ON BEHALF OF HOLDERS OF CLASS 6 EQUITY INTERESTS OF HOLDINGS.   PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE PROMPTLY.  IF THE SOLICITATION AGENT HAS NOT RECEIVED THIS BALLOT BY 4:00 P.M., PREVAILING EASTERN TIME, ON _____, 2017 (THE "VOTING DEADLINE"), UNLESS EXTENDED AT THE SOLE DISCRETION OF THE DEBTORS, IT WILL NOT BE COUNTED.  FACSIMILE AND E-MAIL BALLOTS WILL NOT BE ACCEPTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the *Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] filed by True Religion Apparel, Inc. and certain of its above-captioned affiliates as debtors and debtors in possession (the "Debtors") (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Plan").[2]  The Plan is described in the related *Disclosure Statement in Respect of Debtors' Joint Chapter 11 Plan of Reorganization* [Docket No. ___] (including all exhibits thereto and as amended, modified or supplemented from time to time, "Disclosure Statement") approved by order of the United States Bankruptcy Court for the District of Delaware.  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Equity Interests under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least one-half in number and two-thirds in amount of the Equity Interests of Holdings in Class 6 who vote on the Plan and if the Plan otherwise satisfies applicable legal requirements.

---

[1]  The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453).  The location of the Debtors' headquarters and service address is:  1888 Rosecrans Avenue, Manhattan Beach, CA  90266.

[2]  Terms not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR IF YOU LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT.**

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

| |
|---|
| PLEASE COMPLETE ITEM 1.  IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.  IF THIS BALLOT IS NOT SIGNED IN ITEM 2 BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. |

**Item 1.  Class Vote.**  The undersigned, the holder of a Class 6 Equity Interest in Holdings hereby votes, in the amount set forth below, as follows (check <u>one</u> box):

☐ Accept the Plan        ☐ Reject the Plan.

Amount of Equity Interest:  $_____

**Item 2.  Release.**  The undersigned, the holder of a Class 6 Equity Interest in Holdings hereby elects to opt out of the Releases set forth in the Plan (which relevant provisions are attached hereto for your reference and which opt out election shall be effective only if the undersigned has voted to reject the Plan), and further described in the Voting Information and Instructions for Completing the Ballot (check if applicable):

☐ Opt Out of the Release Provisions

**Item 3.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the Equity Interest holder or has the power and authority to vote to accept or reject the Plan on behalf of the Equity Interest holder.  The undersigned understands that, if this Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

_____        _____
Name of Equity Interest Holder           Social Security or Federal Tax I.D. No. (optional)


_____        _____
Signature


_____        _____
If by Authorized Agent, Name and Title    Street Address


                                         _____
                                         City, State, Zip Code


_____        _____
Date Completed                           Telephone Number

**Item 2. Release.** The Holder of a Class 6 Equity Interest in Holdings may be deemed to have agreed to the release set forth in Article X.C. of the Plan, which is set forth below for your reference with a related injunction; provided that, notwithstanding the foregoing, a Person is not a "Releasing Party" if such Person affirmatively elects to opt-out of the releases provided for in the Plan, which, for a Holder of a Class 6 Equity Interest in Holdings, may only occur by timely submitting a ballot both rejecting the Plan and opting out of such releases:

## Article X.C.  Releases by Holders of Claims and Interests

Except as otherwise provided in this Plan, on the Confirmation Date and effective as of the Effective Date, for good and valuable consideration, to the fullest extent permissible under applicable law, each of the Releasing Parties shall, and shall be deemed to, conclusively, absolutely, unconditionally, irrevocably, and forever release, waive, void, extinguish, and discharge each Released Party (and each such Released Party so discharged and released shall be deemed discharged and released by the Releasing Parties) and their respective property from any and all Claims, Equity Interests, obligations, debts, rights, suits, damages, Causes of Action, remedies, judgments, defenses, counterclaims, and liabilities of any nature whatsoever, including any derivative Claims asserted or which could be asserted on behalf of a Debtor and/or a Reorganized Debtor, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that such Releasing Party would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Equity Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Reorganized Debtors, any transactions contemplated by the Plan, the Chapter 11 Cases, the Prepetition First Lien Loan Agreement, the Prepetition Second Lien Loan Agreement, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors or the Reorganized Debtors, any payments, distributions, or dividends any Debtor or Affiliate paid to or received from any Released Party, fraudulent or preferential transfer or conveyance, tort, contract, breach of fiduciary duty, violation of state or federal laws, including securities laws, negligence, the subject matter of, or the transactions or events giving rise to, any Claim or Equity Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Equity Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Restructuring Support Agreement, the Plan, the Disclosure Statement, the Plan Supplement, or related agreements, instruments, or other documents; provided, however, that the foregoing release shall not operate to waive or release any Claims, obligations, debts, rights, suits, damages, remedies, Causes of Action, and liabilities in respect of any Released Party, solely to the extent: (1) arising out of or relating to any act or omission of such Released Party that constitutes fraud, gross negligence, bad faith or willful misconduct as determined by Final Order of a court of competent jurisdiction or (2) arising under the Plan or the Plan Documents.

## Article X.E.2.b.    Injunction Against Holders of Released, Discharged or Exculpated Claims.

Except as otherwise provided herein or for obligations issued pursuant hereto, all Entities that have held, hold, or may hold Claims or Equity Interests that have been released pursuant to ARTICLE X.B or ARTICLE X.C, discharged pursuant to ARTICLE X.A, or are subject to

exculpation pursuant to ARTICLE X.D, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (c) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; (d) asserting any right of setoff (except for setoffs asserted prior to the Petition Date), subrogation, or of any kind against any obligation due from such Entities or against the property or Estates of such Entities on account of or in connection with or with respect to any such Claims or Equity Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Equity Interests released, exculpated, or settled pursuant to the Plan.

The following are two relevant Plan definitions:

"*Released Party*" means, in its capacity as such: (a) each Debtor; (b) each Reorganized Debtor; (c) the Prepetition First Lien Creditors; (d) the Prepetition Second Lien Creditors; (e) Equity Parent; (f) TowerBrook, (g) the Prepetition Revolver Agent; (h) each Prepetition Revolver Lender; (i) each other party to the Restructuring Support Agreement in all capacities; (j) the DIP Agent; (k) each DIP Lender; and (l) each Related Person of any of (a) through (k) of the foregoing; provided that, notwithstanding the foregoing, a person is not a "Released Party" if such Person is an Excluded Party.

"*Releasing Party*" means, in its capacity as such: (a) each Holder of a Claim that votes to accept this Plan; (b) each Holder of a Claim that is Unimpaired under this Plan; (c) each Holder of a Claim that is solicited to vote to accept or reject this Plan but that does not vote either to accept or reject the Plan; (d) each Holder of a Claim that votes to reject this Plan and does not elect on their ballot to opt out of granting the releases set forth in Article X.C ; (e) the Prepetition First Lien Creditors; (f) the Prepetition Second Lien Creditors; (g) Equity Parent; (h) TowerBrook; (i) the Prepetition Revolver Agent; (j) each Prepetition Revolver Lender; (k) the DIP Agent; (l) each DIP Lender; and (m) each Related Person of each of (a) through (l) of the foregoing.

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.     In the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot by mail, overnight courier or personal delivery to the Solicitation Agent at the following address:

**True Religion Ballot Processing**
**c/o Prime Clerk LLC**
**830 3rd Avenue, 3rd Floor**
**New York, NY 10022**

An envelope addressed to the Solicitation Agent is enclosed for your convenience.

Alternatively, you may submit your Ballot via the Solicitation Agent's online portal by visiting https://cases.primeclerk.com/truereligion. Click on the "Submit E-Ballot" section of the website and follow the instructions to submit your Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

    Unique E-Ballot ID#:_____

The Solicitation Agent's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email or other means of electronic transmission will not be counted.

Each E-Ballot ID# is to be used solely for voting only those Equity Interests described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable. Equity Interest holders who cast a Ballot using the Solicitation Agent's online portal should NOT also submit a paper Ballot.

**Ballots must be *received* by the Solicitation Agent by 4:00 p.m., Prevailing Eastern Time, on_____, 2017 (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted.

2.     Please sign and date your ballot as required in Item 3. Your signature is required before your ballot may be counted.

4.     The following voting and standard assumptions shall be used in tabulating Ballots, including yours (all references to "Claim" or "Claims" below should be read to apply to your "Equity Interest" or "Equity Interests"):

    a.     Except to the extent the Debtors otherwise determine, or as permitted by the Court, Ballots received after the Voting Deadline will not be accepted or counted by the Debtors in connection with the confirmation of the Plan;

    b.     Claims shall not be split for purposes of voting; thus, each creditor must vote the full amount of its Claim(s) within each Class to either accept or reject the Plan. If a creditor attempts to split such vote on their Ballot, such Ballot will not be counted for voting purposes;

    c.     Any executed Ballot which does not indicate an acceptance or rejection shall not be counted;

    d.     Any executed Ballot which indicates both an acceptance and rejection of the Plan shall not be counted;

e. Votes cast pursuant to a Ballot that is not signed or does not contain an original signature shall not be counted, unless the Court orders otherwise;

f. Parties holding Claims in more than one Class under the Plan may receive more than one Ballot coded for each different Class;

g. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder of a Claim, but, except as otherwise provided in the Disclosure Statement, such delivery will be deemed made only when the original, executed Ballot is actually received by the Solicitation Agent;

h. Delivery of the original executed Ballot to the Solicitation Agent on or before the Voting Deadline is required. Delivery of a Ballot by facsimile, email or any other electronic means will not be accepted unless otherwise ordered by the Court; however Ballots may be electronically submitted using the Solicitation Agent's official on-line eletronic ballot portal at https://cases.primeclerk.com/truereligion;

i. No Ballot sent to the Debtors, or the Debtors' financial or legal advisors, shall be accepted or counted;

j. If multiple Ballots are received from or on behalf of an individual holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior Ballot;

k. If a Ballot is signed by a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or other person acting in a fiduciary or representative capacity, such person should indicate such capacity when signing and, if requested by the Debtors, must submit proper evidence, satisfactory to the Debtors, of such person's authority to so act in such capacity;

l. The Debtors, in consultation with counsel to the Ad Hoc Group, subject to contrary order of the Court, may waive any defect in any Ballot at any time, either before or after the close of voting, and without notice. Except as otherwise provided herein, the Debtors may, in consultation with counsel to the Ad Hoc Group, reject such defective Ballot as invalid and, therefore, not count it in connection with confirmation of the Plan;

m. Unless otherwise ordered by the Court, all questions as to the validity, eligibility (including time of receipt) and revocation or withdrawal of Ballots will be determined by the Debtors, in consultation with counsel to the Ad Hoc Group, which determination shall be final and binding;

n. If a designation is requested under section 1126(e) of the Bankruptcy Code, any vote to accept or reject the Plan cast with respect to such Claim will not be counted for purposes of determining whether the Plan has been accepted or rejected, unless the Court orders otherwise;

o. Any holder of a Claim who has delivered a valid Ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a);

p. Unless waived or as otherwise ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Voting Deadline, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously furnished (and as to which any irregularities have not been cured or waived by the Voting Deadline) will not be counted;

q. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to the delivery of Ballots, nor will any of them incur any liability for failure to provide such notification;

r.      No fees or commissions or other remuneration will be payable to any broker, dealer or other person for soliciting Ballots to accept the Plan;

s.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan; and

t.      The Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim or Equity Interest.

5.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

6.      **PLEASE RETURN YOUR BALLOT PROMPTLY. THE SOLICITATION AGENT WILL *NOT* ACCEPT BALLOTS BY FACSIMILE OR E-MAIL**.

NO PERSON, INCLUDING THE SOLICITATION AGENT, HAS BEEN AUTHORIZED TO GIVE ANY ADVICE, INCLUDING LEGAL ADVICE, REGARDING THE DEBTORS OR THE PLAN.