# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL INC., et al.[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Docket Ref. No. 9** |

### INTERIM ORDER (A) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services, (b) prohibiting Utility Companies from altering, refusing, or discontinuing services, (c) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests, (d) granting related relief, and (e) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the Robertson Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Subject to the Adequate Assurance Procedures, the Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on 8/1, 2017, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on 7/25, 2017, and shall be served on: (a) the Debtors, True Religion Apparel, Inc., 1888 Rosecrans Avenue, Manhattan Beach, CA 90266, Attn: Dalibor Snyder; (b) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq.

2

(ljones@pszjlaw.com); (c) counsel to any statutory committee appointed in these cases; (d) counsel to the ad hoc group of unaffiliated prepetition first and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. (apreis@akingump.com) and Jason P. Rubin, Esq. (jrubin@akingump.com); (e) counsel to Citizens Bank, N.A., as administrative agent and collateral agent (in such capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgynne@reedsmith.com); and (f) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq (Linda.Casey@usdoj.gov). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the Utility Services List no later than two business days after the date this Interim Order is entered.

4. No later than fifteen days after the date this Interim Order is entered, the Debtors shall cause the Adequate Assurance Deposit to be deposited into a segregated account and held during the pendency of these chapter 11 cases.

5. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance

3

Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

6. Until such time as the Court enters a final order on the Motion, all Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

7. The following Adequate Assurance Procedures are hereby approved on an interim basis:

    a. Any Utility Company that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) the Debtors, True Religion Apparel, Inc., 1888 Rosecrans Avenue, Manhattan Beach, CA 90266, Attn: Dalibor Snyder; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) Attn: Laura Davis Jones, Esq.; (iii) counsel to the Ad Hoc Group, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. and Jason P. Rubin, Esq.; (iv) counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgynne@reedsmith.com); and (v) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (collectively, the "Notice Parties").

4

b. Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c. The Debtors are authorized to resolve, in their sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in their sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtors believe such alternative assurance is reasonable.

d. If the Debtors are unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtors will seek a hearing with the Court at the next available omnibus hearing (the "Determination Hearing") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

5

e.  The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

f.  All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

g.  The Debtors are authorized, upon prior notice to the advisors for the Ad Hoc Group, to add any Utility Company to the Utility Services List, and the Debtors shall add to the Adequate Assurance Deposit an amount equal to one half of the Debtors' average monthly cost for each subsequently-added Utility Company with fifteen days. For Utility Companies that are added to the Utility Services List, the Debtors will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

8.  The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

9.  The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of

6

section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

10. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

11. The Debtors are authorized, but not directed, to continue making payments to RadiusPoint with respect to postpetition service and administrative fees in the ordinary course of the Debtors' business including, but not limited to payment of any prepetition amounts owed to RadiusPoint up to a maximum of $5,000.00.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: July 6, 2017

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE