## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE RELIGION APPAREL, INC., et al.[1] | Case No. 17-11460 (CSS) |
| Debtors. | (Jointly Administered) |

**Docket Ref. No. 32**

## INTERIM ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (a) approving the Procedures related to transfers of Equity Interests, (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Equity Interests in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on __8/1__, 2017, at _10:00 a_.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing EasternTime, on __7/25__, 2017, and shall be served on: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801; (c) counsel to Towerbrook, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Joshua Feltman); (d) counsel to the Consenting Creditors, Akin Gump Strauss Hauer Feld, LLP, Bank of America Tower, New York, NY 10036 (Attn: Arik Preis, Jason P. Rubin, Yochun Katie Lee); (e) counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726 (Attn: Julia Frost-Davies and Christopher L. Carter) and Reed

Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, (Attn: Kurt F. Gwynne); and (f) any party requesting special notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Procedures, as set forth in **Exhibit 1** attached hereto, are hereby approved.

4. Any transfer of Beneficial Ownership of or declaration of worthlessness with respect to Equity Interests in violation of the Procedures, including the notice requirements, shall be null and void *ab initio*, and the person or entity making such transfer shall be required to take such steps as the court determines are necessary in order to be consistent with such transfer being null and void *ab initio*. In the case of any such declaration of worthlessness with respect to Equity Interests in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction.

5. The Debtors or the Court may waive, in writing, any and all restrictions, stays, and notification procedures set forth in the Procedures.

6. To the extent that any brokers, banks, dealers, agents, or other nominees (each of the forgoing, a "Nominee") acting on behalf of any equity security holders incur out-of-pocket expenses in connection with distribution of the Notice to the such equity security holders, the Debtors are authorized, but not directed, to reimburse such Nominees for their reasonable and customary expenses in this regard.

7. To the extent that this Interim Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Interim Order shall govern.

8. The requirements set forth in this Interim Order are in addition to the requirements of all applicable law and do not excuse compliance therewith.

9. The requirements set forth in Bankruptcy Rule 6003 are deemed satisfied.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms of this Order are immediately effective and enforceable upon its entry.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

12. Any party that is adversely affected by the relief authorized under this Interim Order may seek an emergency hearing to modify or amend the terms of the order for cause shown, provided however, that the Debtors reserve all rights to oppose any such amendment or modification on any and all available grounds.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: 9-17-6, 2017

HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE