**<u>Exhibit 1</u>**

**Procedures for Transfers of Equity Interests**

# PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO EQUITY INTERESTS

The following procedures apply to transfers of Equity Interests.[1]

## Procedures for Transfers of Equity Interests

a.   Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) (other than TowerBrook) must file with the Court, and serve upon: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801; (c) counsel to Towerbrook, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Joshua Feltman); (d) counsel to the Consenting Creditors, Akin Gump Strauss Hauer Feld, LLP, Bank of America Tower, New York, NY 10036 (Attn: Arik Preis, Jason P. Rubin, Yochun Katie Lee); (e) counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726 (Attn: Julia Frost-Davies and Christopher L. Carter) and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, (Attn: Kurt F. Gwynne); and (f) any party requesting special notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to these Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) 30 calendar days after the date of the Notice of Order (as defined herein), or (B) 10 calendar days after becoming a Substantial Shareholder.

b.   Prior to effectuating any transfer of Beneficial Ownership (as defined below) of Equity Interests that would result in an increase in the amount of Equity Interests of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Equity Interests, substantially in the form of **Exhibit 1B** attached to these Procedures (each, a "Declaration of Intent to Accumulate Equity Interests").

c.   Prior to effectuating any transfer of Beneficial Ownership of Equity Interests that would result in a decrease in the amount of Equity Interests Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder (as to either Equity Interests, or both), such Substantial Shareholder must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Equity Interests, substantially in the form of **Exhibit 1C** attached to these Procedures (each, a "Declaration of Intent to Transfer Equity Interests," and together with a

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Declaration of Intent to Accumulate Equity Interests, each, a "<u>Declaration of Proposed Transfer</u>").

d.    The Debtors shall have 20 calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Equity Interests described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors file an objection, such transaction will remain ineffective and shall be void unless such objection is withdrawn by the Debtors, or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 20-day waiting period for each Declaration of Proposed Transfer. In making such determination, the Debtors shall consult with the ad hoc group of unaffiliated prepetition first and second lien lenders of the Debtors (the "<u>Ad Hoc Group</u>"). A determination by the Debtors not to object to a Proposed Transfer shall require the consent of the Ad Hoc Group, which consent shall not be unreasonably withheld.

e.    For purposes of these Procedures: (i) a "<u>Substantial Shareholder</u>" is any entity, individual or member of a group of parties who, pursuant to an instrument or agreement, have agreed to control their membership interests in a joint manner and such controlled interests that would equal at least 4.5% of all Equity Interests; (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code and the Treasury Regulations thereunder and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option to acquire; and (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

The following procedures apply to declarations of worthlessness of Equity Interests

f.    Any person or entity that currently is or becomes a 50-Percent Shareholder (other than TowerBrook) must file with the Court and serve upon proposed counsel to the Debtors a Declaration of Status as a 50-Percent Shareholder, substantially in the form annexed to the Procedures as Exhibit 1D on or before the later of (i) 30 calendar days after the date of the Notice of Interim Order, and (ii) ten calendar days after becoming a 50-Percent Shareholder.

g.    Prior to filing any federal or state tax return, , or any amendment to such a return, or distributing any Schedule K-1 or other information statement, or

any amendment to such a return, that claims or reflects any deduction for worthlessness of an Equity Interest for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon proposed counsel to the Debtors and the Notice Parties a Declaration of Intent to Claim a Worthless Stock Deduction of the intended claim of worthlessness, substantially in the form annexed to the Procedures as Exhibit 1E.

h.   The Debtors shall have 20 calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed Worthless Stock Deduction described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such deduction might adversely affect the Debtors' ability to utilize their Tax Attributes. In making such determination, the Debtors shall consult with the Ad Hoc Group. If the Debtors file an objection, such deduction will remain ineffective and shall be void unless such objection is withdrawn by the Debtors, or such deduction is approved by a final and nonappealable order of the Court.

i.   To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, after obtaining the consent of the Ad Hoc Group, which consent shall not be unreasonably withheld, they shall provide notice of that decision as soon as is reasonably practicable to counsel to the Notice Parties. If the Debtors do not object within such 20-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction, provided that no objection is made from the Ad Hoc Group within such 20-day period, whose consent shall not be unreasonably withheld.

j.   Further transactions within the scope of these paragraphs relating to a Declaration of Intent to Claim a Worthless Stock Deduction must be the subject of additional notices in accordance with the procedures set forth herein, with an additional 20-day waiting period for each Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns or amendments relating to such matter are the subject of additional notices in accordance with these Procedures as set forth herein, with an additional 20 day waiting period for each Declaration of Intent to Claim a Worthless Stock Deduction.

k.   For purposes of these procedures a "50-Percent Shareholder" is any person or entity that at any time in such person's or entity's last three years has had Beneficial Ownership of 50% or more of the Equity Interests (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder). "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct, indirect and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one

holder, (4) persons and entities acting in concert with such holder to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) ownership of equity securities that such holder has an Option (as defined below) to acquire); and (iii) "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

## **Additional Procedures**

a.    No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail, substantially in the form of **Exhibit 1F** attached to these Procedures (the "Notice of Interim Order"), on: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (iii) the Internal Revenue Service; (iv) any official committees appointed in these chapter 11 cases; and (v) all known holders of Equity Interests. Additionally, no later than two business days following entry of the final order, the Debtors shall serve a Notice of Interim Order modified to reflect that the final order has been entered (as modified, the "Notice of Final Order") on the same entities that received the Notice of Interim Order.

b.    All registered and nominee holders of Equity Interests shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or nominee holder holds such Equity Interests down the chain of ownership for all such holders of Equity Interests.

c.    Any entity or broker or agent acting on such entity's or individual's behalf (or on behalf of a member of a group of parties who, pursuant to an instrument or agreement, have agreed to control their interests in a joint manner and such controlled interests equal at least 4.5% of Equity Interests) who sells in excess of 4.5% of Equity Interests to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Equity Interests, as applicable, or any broker or agent acting on such purchaser's behalf.

d.    To the extent confidential information is required in any declaration described in these Procedures, such confidential information may be filed and served in redacted form; provided, however, that any such declarations served on the Debtors shall not be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; provided, however, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to

further Court order. To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## Exhibit 1A

**Declaration of Status as a Substantial Shareholder**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| TRUE RELIGION APPAREL, INC., et al.[1] | : | Case No. 17-11460 (CSS) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the Equity Interests of TRLG Intermediate Holdings, LLC, or of any Beneficial Ownership therein (the "Equity Interests"). TRLG Intermediate Holdings, LLC is a debtor and debtor in possession in Case No. 17-17-11460 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ 2017, the undersigned party currently has Beneficial Ownership of ____ % of Equity Interests. The following table sets

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5% of the Equity Interests, including those parties who, pursuant to an instrument or agreement, have agreed to control their Equity Interests in a joint manner and such controlled Equity Interests that would equal 4.5% of Equity Interests; and (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code and the Treasury Regulations thereunder and includes direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one holder, (4) persons and entities acting in concert with such holder to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) ownership of equity securities that such holder has an Option (as defined below) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Equity Interests:

| Percentage Ownership | Type of Membership Interest | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

*(Attach additional page or pages if necessary)*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of Equity Interests* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors and Pachulski Stang Ziehl & Jones LLP, proposed counsel to the Debtors and other notice parties provided in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,
(Name of Substantial Shareholder)
By: _____
Name: _____

Address: _____

_____

Telephone: _____

Email: _____

Dated: _____

_____
City, State

## <u>Exhibit 1B</u>

## Declaration of Intent to Accumulate Equity Interests

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| In re:                               | : | Chapter 11               |
|                                      | : |                          |
| TRUE RELIGION APPAREL, INC., et al.[1] | : | Case No. 17-11460 (CSS)  |
|                                      | : |                          |
| Debtors.                             | : | (Jointly Administered)   |
|                                      | : |                          |

## DECLARATION OF INTENT TO ACCUMULATE
## EQUITY INTERESTS[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to purchase, acquire, or otherwise accumulate (the "<u>Proposed Transfer</u>") Equity

Interests of TRLG Intermediate Holdings, LLC or of any Beneficial Ownership therein (the

"<u>Equity Interests</u>"). TRLG Intermediate Holdings, LLC is a debtor and debtor in possession in

Case No. 17-17-11460 (___) pending in the United States Bankruptcy Court for the District of

Delaware (the "<u>Court</u>").

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, Inc. (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] For purposes of this Declaration: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least 4.5% of Equity Interests including those parties who, pursuant to an instrument or agreement, have agreed to control their Equity Interests in a joint manner and such controlled Equity Interests that would equal 4.5% of Equity Interests; (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code and the Treasury Regulations thereunder and includes direct, indirect and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one holder, (4) persons and entities acting in concert with such holder to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) ownership of equity securities that such holder has an Option (as defined below) to acquire); and (iii) An "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ 2017, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth in the Order (defined below).

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of __% shares of Equity Interests in TRLG Intermediate Holdings, LLC.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of __% of Equity Interests or exercise an Option with respect to __% of Equity Interests, or an Option with respect to Equity Interests. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of __% of Equity Interests.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of Equity Interests* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors and Pachulski Stang Ziehl & Jones LLP proposed counsel to the Debtors and other notice parties provided in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the procedures set forth in the Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 20 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn

by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, after following the procedures set forth in the Order, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of Equity Interests will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____

Name: _____

Address: _____

_____

Telephone: _____

Email: _____

Dated: _____

_____
City, State

## Exhibit 1C

## Declaration of Intent to Transfer Equity Interests

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| TRUE RELIGION APPAREL, INC., et al.[1] | : | Case No. 17-11460 (CSS) |
| Debtors. | : | (Jointly Administered) |
| | : | |

## DECLARATION OF INTENT TO TRANSFER
## EQUITY INTERESTS[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to sell, trade, or otherwise transfer (the "Proposed Transfer") __% of Equity Interests of

TRLH Intermediate Holdings, LLC or __% Beneficial Ownership therein (the "Equity

Interests"). TRLG Intermediate Holdings, LLC is a debtor and debtor in possession in Case No.

17-11460 (___) pending in the United States Bankruptcy Court for the District of Delaware (the

"Court").

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least 4.5% of the Equity Interests, including those parties who, pursuant to an instrument or agreement, have agreed to control their Equity Interests in a joint manner and such controlled Equity Interests that would equal 4.5% of Equity Interests; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code and the Treasury Regulations thereunder and includes direct, indirect and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries, (2) a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one holder, (4) persons and entities acting in concert with such holder to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) ownership of equity securities that such holder has an Option (as defined below) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations Section 1.382-4(d)(9), including any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ 2017, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth in the Order (defined below).

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ % Equity Interests.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ % of Equity Interests or an Option with respect to _____ % of Equity Interests, or an Option with respect to _____% of Equity Interests. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____% of Equity Interests after such transfer becomes effective.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain [*Interim/Final*] *Order Approving Notification and Hearing Procedures for Certain Transfers of Equity Interests* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Debtors and Pachulski Stang Ziehl & Jones LLP proposed counsel to the Debtors and other notice parties provided in the Order.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the procedures set forth in the Order.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 20 calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file

an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and nonappealable order of the Court. If the Debtors do not object within such 20-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of Equity Interests will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By: _____

Name: _____

Address: _____

Telephone: _____

Email: _____

Dated: _____
City, State: _____

**<u>Exhibit 1D</u>**

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRUE RELIGION APPAREL, INC., et al.[1] | : | Case No. 17-11460 (CSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder with respect to the Equity Interests of TRLG Intermediate Holdings, LLC, or of any

Beneficial Ownership therein (the "Equity Interests"). TRLG Intermediate Holdings, LLC

("Holdings") is a debtor and debtor in possession in Case No. 17-11460 (___) pending in the

United States Bankruptcy Court for the District of Delaware (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2017, the

undersigned party currently has Beneficial Ownership of _____ shares of Holdings. The

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that at any time in such person's or entity's last three years has owned 50 percent or more of the Equity Interests (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

following table sets forth the date(s) on which the undersigned party acquired Beneficial

Ownership of such Equity Interests:

| Percentage Ownership | Type of Membership Interest | Date Acquired |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

*(Attach additional pages if necessary)*

**PLEASE TAKE FURTHER NOTICE** that pursuant to the [Interim/Final] Order (I)

Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of

Worthlessness with Respect to Equity Interests and (II) Granting Related Relief [Docket No. ___]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon:

Debtors and Pachulski Stang Ziehl & Jones LLP, proposed counsel to the Debtors and other

notice parties provided in the Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined this

Declaration and accompanying attachments (if any) and, to the best of his or her knowledge and

belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

# EXHIBIT 1E

## Declaration of Intent to Claim a Worthless Stock Deduction

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRUE RELIGION APPAREL, INC., et al.[1] | Case No. 17-11460 (CSS) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION [2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Proposed Worthlessness Claim") with respect to Equity Interests of TRLG Intermediate Holdings, LLC or of any Beneficial Ownership therein (the "Equity Interests"). TRLG Intermediate Holdings, LLC is a debtor and debtor in possession in Case No. 17-11460 (___) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that at any time in such person's or entity's last three years has owned 50 percent or more of the Equity Interests (determined in accordance with section 382(g)(4)(D) of the Internal Revenue Code and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the Internal Revenue Code of 1986, as amended and the Treasury Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2017 the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ Equity Interests in TRLG Intermediate Holdings, LLC.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Proposed Worthlessness Claim, the undersigned party proposes to declare for [federal/state] tax purposes that _____ Equity Interests of TRLG Intermediate Holdings, LLC became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *[Interim/Final] Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Equity Interests and (II) Granting Related Relief* [Docket No. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon Debtors and Pachulski Stang Ziehl & Jones LLP, proposed counsel to the Debtors and other notice parties provided in the Order.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that the Debtors have 20 calendar days after receipt of this Declaration to object to the Proposed Worthlessness Claim described herein. If the Debtors file an objection, such Proposed Worthlessness Claim will not be effective unless the Debtors withdraw such objection or the Court approves such action by a final and non-appealable order. If the Debtors do not

2

object within such 20 day period, then after expiration of such period the Proposed

Worthlessness Claim may proceed solely as set forth in this Declaration.

PLEASE TAKE FURTHER NOTICE that any further claims of worthlessness

contemplated by the undersigned party each will require an additional notice filed with the Court

to be served in the same manner as this Declaration, and are subject to an additional 20 day

waiting period.

PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. § 1746, under penalties

of perjury, the undersigned party hereby declares that he or she has examined this Declaration

and accompanying attachments (if any) and, to the best of his or her knowledge and belief, this

Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By: _____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____

**<u>Exhibit 1F</u>**


**Notice of Interim/Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
| TRUE RELIGION APPAREL, INC., et al.[1] | : | Case No. 17-11460 (CSS) |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

## NOTICE OF DISCLOSURE PROCEDURES APPLICABLE TO CERTAIN HOLDERS OF EQUITY INTERESTS, DISCLOSURE PROCEDURES FOR TRANSFERS OF EQUITY INTERESTS, AND FINAL HEARING ON THE APPLICATION THEREOF

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF EQUITY INTERESTS OF THE DEBTORS (THE "EQUITY INTERESTS"):**

**PLEASE TAKE NOTICE** that on January 22, 2017 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), each filed a petition with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders Approving Notification and Hearing Procedures for Certain Transfers of Equity Interests* [Docket No. __] (the "Motion").

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: True Religion Apparel, Inc. (2633), TRLG Intermediate Holdings, LLC (3150), Guru Denim Inc. (1785), True Religion Sales, LLC (3441), and TRLGGC Services, LLC (8453). The location of the Debtors' headquarters and service address is: 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2017, the Court entered the

[*Interim*] *Order Approving Notification and Hearing Procedures for Certain Transfers of Equity Interests* [Docket No. \_\_] (the "Order") approving procedures for certain transfers of Equity Interests, set forth in **Exhibit 1** attached to the Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Equity Interests or Beneficial Ownership of Equity Interests in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio.*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Equity Interests or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Prime Clerk LLC, 844.224.1136 (toll free), will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website for a fee or free of charge by accessing the Debtors' restructuring website at https://cases.primeclerk.com/truereligion.

**PLEASE TAKE FURTHER NOTICE** that the final hearing (the "Final Hearing") on the motion shall be held on _____, 2017, at\_\_:\_\_ \_.m., prevailing Eastern Time. Any objections or responses to entry of the final order shall be filed on _____, 2017, at 4:00

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Order or Motion, as applicable.

p.m., prevailing Eastern Time, and served on the following parties: (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705, Attn: Laura Davis Jones, Esq.; (b) counsel to the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801; (c) counsel to Towerbrook, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Joshua Feltman); (d) counsel to the Consenting Creditors, Akin Gump Strauss Hauer Feld, LLP, Bank of America Tower, New York, NY 10036 (Attn: Arik Preis, Jason P. Rubin, Yochun Katie Lee); (e) counsel to the DIP Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726 (Attn: Julia Frost-Davies and Christopher L. Carter) and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, (Attn: Kurt F. Gwynne); and (f) any party requesting special notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FOLLOW THE PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PROHIBITED PURCHASE, SALE, OTHER TRANSFER OF EQUITY INTERESTS OR BENEFICIAL OWNERSHIP THEREIN, OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO* AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY DETERMINE.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated: July___, 2017

PACHULSKI STANG ZIEHL & JONES LLP

_____

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: 302-652-4100
Facsimile: 302-652-4400
email: ljones@pszjlaw.com
dbertenthal@pszjlaw.com
joneill@pszjlaw.com

[Proposed] Counsel for Debtor and Debtor in Possession