IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., et al.,[1] | ) | Case No. 17-11460 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | Related Docket No. 7 |

**INTERIM ORDER UNDER SECTIONS 105, 345, 363, 364, 503, 1107 AND 1108 OF THE BANKRUPTCY CODE AUTHORIZING (I) MAINTENANCE OF EXISTING BANK ACCOUNTS; (II) CONTINUANCE OF EXISTING CASH MANAGEMENT SYSTEM, BANK ACCOUNTS, CHECKS AND RELATED FORMS; (III) CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS; (IV) LIMITED WAIVER OF SECTION 345(b) DEPOSIT AND INVESTMENT REQUIREMENTS AND (V) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] filed by the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 case seeking entry of an Order under sections 105, 345, 363, 1107 and 1108 of title 11 of the United States Code (the "Bankruptcy Code") authorizing: the (i) maintenance of existing bank accounts including the authority to pay routine prepetition banking fees owed to financial institutions; (ii) continued use of the Debtors' existing cash management system, bank accounts, checks and related forms for the Debtors; (iii) continued performance of intercompany transactions and foreign funding requirements for certain non-debtor affiliates; (iv) a limited waiver under Bankruptcy Code section 345(b) to the extent necessary; and (v) granting related relief; and upon the First Day Declaration; and it appearing that the relief requested is in the best interests of the Debtors'

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] Unless otherwise noted, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M) and (O); and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor; it is hereby ORDERED THAT

1. The Motion is GRANTED, on an interim basis subject to a final hearing, as set forth herein.

2. The Debtors are authorized, but not directed, in the reasonable exercise of their business judgment, (i) to designate, maintain and continue to use, with the same account numbers, all of the bank accounts in existence on the Petition Date, which include (A) those accounts identified on **Exhibit A** to the Motion; and (B) any accounts the Debtors are in the process of opening or may in the future open in accordance with paragraph 10 of this Order (the "Bank Accounts"); (ii) treat the Bank Accounts for all purposes as debtors in possession accounts; (iii) use all existing paper check stock and related forms without reference to the Debtors' status as "debtors in possession" until such supply is depleted, after which the Debtors will order new check stock, deposit slips and related forms with the "debtor in possession" reference; and (iv) are afforded up to thirty days to arrange for the labeling of "debtor in possession" on purchase orders and invoices issued postpetition, as requested in the Motion.

3. The banks set forth on **Exhibit A** to the Motion and any other bank (each, a "Bank" and collectively, the "Banks") at which any Bank Account is or may be maintained are hereby authorized to continue to service and administer such Bank Account as an account of the

2

Debtors as a debtor in possession bank account without interruption and in the usual and ordinary course of business, and to receive, process, honor and pay any and all checks and drafts drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be; *provided, however,* that any check that the Debtors advise any Bank to have been drawn or issued by the Debtors before the Petition Date may be honored by any Bank only if specifically authorized by order of this Court.

4. Except as modified by this Order, the Debtors' existing banking agreements with the Banks with respect to the Bank Accounts and with respect to the transfers to and from the Bank Accounts shall continue to govern the postpetition cash management relationship between the Debtors and each of the Banks.

5. The Debtors and each of the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and procedures in the ordinary course of business and/or in accordance with the terms of any Financing Order, including, without limitation, the opening and closing of bank accounts with notice to the United States Trustee and the advisors to the Ad Hoc Group, which accounts shall similarly be subject to this Order.

6. In the course of providing cash management services to the Debtors, each Bank is authorized, without further order of this Court, to continue to deduct from the appropriate accounts of the Debtors, the Bank's routine and ordinary course fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors.

7. No later than the close of business on the fifth (5th) business day following entry of this Order, the Debtors shall make reasonable efforts to provide to the Banks and the advisors to the Ad Hoc Group a list (the "<u>Prepetition Check List</u>") of applicable checks that have not been honored prior to the Petition Date (the "<u>Prepetition Checks</u>"), designate whether or not such Prepetition Checks should be honored pursuant to any orders entered by the Court, and that a Bank's reasonable reliance on the Prepetition Check List in connection with their honoring or dishonoring of a Prepetition Check, as the case may be, shall not constitute a violation of this Order. Specifically, the Debtors agree (a) to send the Banks the list of all Prepetition Checks by at least check number and amount; (b) to circle or highlight the Prepetition Checks on that list for which the Debtors have Court approval to pay and wants the Banks to honor; and (c) the Banks shall promptly honor each such circled or highlighted Prepetition Check after the later of (i) receipt of the list of Prepetition Checks from the Debtors, or (ii) presentment to the Banks of any particular Prepetition Check highlighted or circled on that list.

8. Each Bank that maintains a disbursement account of the Debtors shall implement reasonable handling procedures designed to effectuate the terms of this Order, and no Bank that implements such handling procedures and then honors a prepetition check or other item drawn on any account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, (ii) in good faith belief that the Court has authorized such prepetition check or item to be honored, or (iii) as a result of an innocent mistake made despite implementation of such handling procedures, shall be deemed in violation of this Order.

4

9.  The Debtors shall maintain detailed records reflecting all transfers of funds (including any Intercompany Transactions, Foreign Subsidiary Intercompany Transactions and other intercompany transactions) under the terms and conditions provided for by the existing agreements with the institutions participating in the Debtors' Cash Management System and any Financing Order. In connection with the ongoing utilization of their Cash Management System, the Debtors shall continue to maintain records in the ordinary course of business with respect to all transfers so that all transactions (including any Intercompany Transactions, Foreign Subsidiary Intercompany Transactions and other intercompany transactions) may be readily ascertained, traced and recorded properly on the applicable accounts and distinguished between prepetition and postpetition transactions, and shall make such records available to the advisors to the Ad Hoc Group upon request.

10.  The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may, in their discretion, deem necessary and appropriate; provided, however, that the Debtors give notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware, counsel to the Ad Hoc Group, and any statutory committees appointed in these chapter 11 cases; provided, further, however that the Debtors shall open any such new Bank Account at banks that have executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or at such banks that are willing to immediately execute such an agreement.

11.  For banks at which the Debtors hold bank accounts that are party to a Uniform Depository agreement with the Office of the United States Trustee for the District of

Delaware, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtors in possession in a bankruptcy case.

12. The Debtors are authorized to continue utilizing their Cash Management System to manage the Debtors' cash, in a manner consistent with the Debtors' prepetition practices and this Order.

13. The Debtors are authorized to continue to consummate the Intercompany Transactions with other Debtors, and to create Intercompany Claims.

14. The Debtors are authorized to continue to provide ordinary course funding to their non-Debtor foreign subsidiaries through the Foreign Subsidiary Intercompany Transactions described in the Motion; and (ii) the Debtors shall provide the Ad Hoc Group with any reports detailing any Foreign Subsidiary Intercompany Transactions upon request; *provided however* that to the extent the Debtors intend to provide funding to their non-Debtor foreign subsidiaries in an amount that is materially in excess of amounts funded in prior months, the Debtors shall provide the Ad Hoc Group, the Office of the United States Trustee and any official committee of unsecured creditors appointed in these cases with prior notice before making such funding.

15. Notwithstanding anything herein to the contrary, the Debtors are prohibited from (I) entering into any intercompany loan agreements without prior Court approval, (ii) setting off pre-petition intercompany balances against post-petition intercompany

balances provided that nothing herein shall preclude the Debtors from engaging in intercompany offsets or netting of amounts due consistent with their ordinary business and accounting practices; (iii) engaging in intercompany capital transactions (dividends or capital contributions); and (iv) except as contemplated by this Order, making payments to non-debtor affiliates without prior approval of this Court.

16. The Debtors shall cause a copy of this Order to be served on each Bank at which a Bank Account is maintained within five (5) business days of the entry of this Order.

17. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion.

18. The requirements of section 345(b) of the Bankruptcy Code are hereby waived on interim basis for thirty (30) days without prejudice to the Debtors' right to seek a further waiver *provided however*, that the Debtors are permitted to maintain deposits in their accounts in accordance with their existing deposit practices, except to the extent otherwise ordered by the Court, as described in this Motion during this thirty (30) day period.

19. A final hearing on Motion shall be held on August 1, 2017, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on July 25, 2017, and shall be served on: (a) the Debtors, True Religion Apparel, Inc., 1888 Rosecrans Avenue, Manhattan Beach, CA 90266, Attn: Dalibor Snyder; (b) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com); (c) counsel

to any statutory committee appointed in these cases; (d) counsel to the ad hoc group of unaffiliated prepetition first and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. (apreis@akingump.com) and Jason P. Rubin, Esq. (jrubin@akingump.com); (e) counsel to Citizens Bank, N.A., as administrative agent and collateral agent (in such capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgynne@reedsmith.com); and (f) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq (Linda.Casey@usdoj.gov).

20. Notwithstanding anything contained herein, despite the Debtors' use of a consolidated cash management system, the Debtors shall calculate their quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor pays those disbursements.

21. The notice requirements under Bankruptcy Rule 6004(a) and the stay under Bankruptcy Rule 6004(h) are hereby waived, to the extent that it applies.

22. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 6, 2017

The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

DOCS_SF:93915.25 85199/001