## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., et al.,[1] | ) | Case No. 17-11460 (CSS) |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| Debtors. | ) | Related Docket No. 6 |

**INTERIM ORDER AUTHORIZING THE DEBTORS TO (I) PAY AND/OR HONOR PREPETITION WAGES, SALARIES, COMMISSIONS, INCENTIVE PAYMENTS, EMPLOYEE BENEFITS, AND OTHER COMPENSATION AND PAY THIRD PARTY AND CONTRACT WORKERS; (II) REMIT WITHHOLDING OBLIGATIONS AND DEDUCTIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS RECEIVE, PROCESS, HONOR, AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT AND HONOR CERTAIN FUND TRANSFER REQUESTS**

Upon consideration of the motion ("Motion")[2] of the above-referenced debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require, the Debtors (i) pay prepetition wages, salaries, commissions, employee benefits, and other compensation; and pay third party and contract workers (ii) remit withholding obligations and deductions; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) to authorize applicable banks and other financial institutions receive,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, on an interim basis, as set forth herein.

2. The Debtors are authorized, but not directed, to make payments to applicable third parties from the Deductions and the Withholding Obligations and in respect of the Benefits, and costs associated therewith, in accordance with the Debtors' ordinary course of business and stated policies, as set forth in the Motion.

3. The Debtors are authorized, but not directed, to continue to maintain their WC Program in the ordinary course of business. The automatic stay, to the extent applicable, is lifted without further order of this Court, to allow (i) holders of workers' compensation claims to proceed with their claims, (ii) the WC Program Administrators to administer, handle, defend, settle and/or pay a claim covered by the WC Program and the costs related thereto in accordance with such policy (and the agreements related thereto); *provided, however*, however that nothing

in this order or the Motion gives a non-workers' compensation claimant relief from the automatic stay.

4. The Debtors are authorized, but not directed, to honor outstanding checks for Wages that may be outstanding as of the Petition Date.

5. In accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain their accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts.

6. The Debtors are authorized to pay prepetition amounts on account of Wages and Benefits, including all processing and administrative fees associated with payment of the Wages and Benefits, subject to the aggregate caps set forth in the chart below, *provided however*, that no payments to or on behalf of any Employee will exceed the $12,850 cap provided under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code except to the extent required by applicable state law and in paragraph 7 of this Order, *provided further* that the Debtors are authorized, on an interim basis, to pay prepetition WC Claims[3] up to maximum amount of $75,000.

| Wages or Benefits | Total |
|---|---|
| Gross Wages | $1,400,000 |

---

[3] For avoidance of doubt, payment of the WC Claims does not affect any payments to the BWC or Washington Agency as requested in the Motion and which payments are subject to the caps set forth in the chart below.

| Wages or Benefits | Total |
|---|---|
| Ceridian administrative fees (payroll processing) | $50,000 |
| Reimbursable Expenses | $175,000 |
| Third Party Labor Provider Costs | $475,000 |
| Prepetition Commissions | $285,000 |
| Incentive Program Payments | $875,000 |
| Closing Store Manager Payments | $25,000 |
| CBIZ Health Plan administrative fees | $20,000 |
| Medical Plan premium amounts | $330,000 |
| Dental Plan premium amounts | $35,000 |
| Vision Plan premium amounts | Included in Medical Premium Cap |
| COBRA Administrative fees | $3,000 |
| Flexible Spending Account fees | $7,500 |
| Health Savings Account fees | $5,000 |
| Basic Life Insurance Plan, AD&D and Employee Disability Plan | $25,000 |
| 401(k) Plan Audit Fees | $25,000 |
| Miscellaneous Benefits Fees | $10,000 |
| BWC Workers' Compensation Payments (Ohio) | $10,000 |
| Washington Agency Workers' Compensation Payments | $12,000 |

7. The Debtors are authorized to allow Employees to use accrued prepetition PTO and Sick Time postpetition in the Debtors' discretion. The Debtors also authorized, in their discretion, to pay out any accrued and prepetition PTO and Sick Time amounts that are owed to Employees solely to the extent their employment with the Debtors is terminated postpetition.

8. The Debtors are authorized to continue to administer and provide their Employee benefit plans and programs postpetition in the ordinary course of business and in the Debtors' discretion.

9. A final hearing on the Motion will take place on August 1, 2017, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order with respect to the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on July 25, 2017, and shall be served on: (a) the Debtors, True Religion Apparel, Inc., 1888 Rosecrans Avenue, Manhattan Beach, CA 90266, Attn: Dalibor Snyder; (b) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com); (c) counsel to any statutory committee appointed in these cases; (d) counsel to the ad hoc group of unaffiliated prepetition first and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. (apreis@akingump.com) and Jason P. Rubin, Esq. (jrubin@akingump.com); (e) counsel to Citizens Bank, N.A., as administrative agent and collateral agent (in such capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgynne@reedsmith.com); and (f) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq (Linda.Casey@usdoj.gov).

10. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

11. The automatic stay is hereby modified pursuant to section 362(d) of the Bankruptcy Code solely to allow the Debtors, in their discretion, to continue to assess, determine, and adjudicate any of the unpaid WC Claims during these chapter 11 cases.

12. The requirements of Bankruptcy Rule 6004(a) are waived.

13. The stay under Bankruptcy Rule 6005(h) is waived.

14. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' rights to contest the amount or validity of claims.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: _____July 6_____, 2017

_____
United States Bankruptcy Judge
The Honorable Christopher S. Sontchi