# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related Docket No. 13 |

## INTERIM ORDER (A) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order"), (a) authorizing the Debtors to pay Critical Vendor Claims up to the Critical Vendor Cap, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, on an interim basis, as set forth herein.

2. The form of Vendor Agreement attached hereto as Exhibit 1 is approved in its entirety.

3. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims in an amount not to exceed $2,900,000.00 in the aggregate between the date hereof and the date of the final hearing on this Motion (the "Final Hearing") unless otherwise ordered by the Court after notice and a hearing; provided that the Debtors shall provide one business day's advance notice to the advisors to the Ad Hoc Group of any intended payment in the amount of $50,000.00 and above to any Non-product Vendor and $200,000.00 and above to any Product Vendor.

4. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Order regardless of whether a Critical Vendor has executed a Vendor Agreement; *provided that*, if any Critical Vendor accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and

2

programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) in place 12 months prior to the Petition Date, or such other trade terms that are acceptable to the Debtors (collectively, the "<u>Customary Trade Terms</u>"), then: (a) the Debtors may seek to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may seek to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise. Notwithstanding anything herein to the contrary, to the extent that the Debtors intend to enter into an agreement/arrangement with a Critical Vendor which provides for trade terms that are less favorable to the Debtors as compared to those trade terms that existed as of the Petition Date, the Debtors shall obtain the prior consent of the Ad Hoc Group.

5. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their discretion, or any other party's ability to contest, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtors do not concede that any claims satisfied pursuant to this Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection of, or seek the avoidance of, all such liens or the priority of such claims.

3

DOCS_DE:213708.10

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

8. A final hearing on Motion shall be held on August 1, 2017, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on July 24, 2017, and shall be served on: (a) the Debtors, True Religion Apparel, Inc., 1888 Rosecrans Avenue, Manhattan Beach, CA 90266, Attn: Dalibor Snyder; (b) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com); (c) counsel to any statutory committee appointed in these cases; (d) counsel to the ad hoc group of unaffiliated prepetition first and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. (apreis@akingump.com) and Jason P. Rubin, Esq. (jrubin@akingump.com); (e) counsel to

Citizens Bank, N.A., as administrative agent and collateral agent (in such capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgynne@reedsmith.com); and (f) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq (Linda.Casey@usdoj.gov).

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: 9-17 6, 2017

United States Bankruptcy Judge
The Honorable Christopher S. Sontchi

DOCS_DE:213708.10