# EXHIBIT 1

# VENDOR AGREEMENT

_____, 2017

TO: [Critical Vendors]
[Name]
[Address]

Dear Valued Supplier:

As you are aware, _____ and certain of its subsidiaries (collectively, the "Company") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Case" and the "Bankruptcy Court," respectively) on _____, 2017 (the "Petition Date"). On the Petition Date, the Company requested the Bankruptcy Court's authority to pay the pre-bankruptcy claims of certain suppliers in recognition of the importance of the Company's relationship with such suppliers and its desire that the Bankruptcy Cases have as little effect on the Company's ongoing business operations as possible. On [ ], the Bankruptcy Court entered an order (the "Order") authorizing the Company, under certain conditions, to pay the prepetition claims of certain trade creditors that agree to the terms set forth below and to be bound by the terms of the Order. A copy of the Order is enclosed.

In order to receive payment on account of prepetition claims, you must agree to continue to supply goods and services to the Company based on Customary Trade Terms. In the Order, Customary Trade Terms are defined as the normal and customary trade terms, practices and programs (including, but not limited to, credit limits, pricing, cash discounts, timing of payments, allowances, rebates, coupon reconciliation, normal product mix and availability and other applicable terms and programs), that were most favorable to the Company and in effect between you and the Company prior to the Petition Date, or such other trade terms as you and the Company agree.

For purposes of administration of this trade program as authorized by the Bankruptcy Court, you and the Company both agree that:

1. The estimated balance of the prepetition claim (net of any setoffs, credits or discounts) (the Vendor Claim) that you will receive from the Company is $_____.

2. You agree to waive any general unsecured claim against the Company.

3. You will provide an open trade balance or credit line to the Company for shipment of postpetition goods in the amount of $_____ (which shall not be less than the greater of the open trade balance outstanding: (a) on _____, or (b) on normal and customary terms on a historical basis before and up to the Petition Date).

1

4.  The terms of such open trade balance or credit line are as follows (if more space is required, attach continuation pages):

5.  During the pendency of the Bankruptcy Case you will continue to extend to the Company all Customary Trade Terms (as defined in the Order).

6.  You will not demand a lump sum payment upon consummation of a plan of reorganization in these chapter 11 cases on account of any administrative expense priority claim that you assert, but instead agree that such claims will be paid in the ordinary course of business after consummation of a plan under applicable Customary Trade Terms, if the plan provides for the ongoing operations of the Company.

7.  The undersigned, a duly authorized representative of [Critical Vendor], has reviewed the terms and provisions of the Order and agrees that [Critical Vendor] is bound by such terms;

8.  You will not separately seek payment for reclamation and similar claims outside of the terms of the Order unless your participation in the Critical Vendor payment program authorized by the Order (the Critical Vendor Payment Program) is terminated;

9.  You agree not to file or otherwise assert against the Company, the estates or any other person or entity or any of their respective assets or property (real or personal) any lien (regardless of the statute or other legal authority upon which such lien is asserted) related in any way to any remaining prepetition amounts allegedly owed to you by the Company arising from agreements entered into prior to the Petition Date. Furthermore, you agree to take (at your own expense) all necessary steps to remove any such lien as soon as possible; and

10. If either the Critical Vendor Payment Program or your participation therein terminates as provided in the Order, or you later refuse to continue to supply goods to the Company on Customary Trade Terms during the pendency of the Bankruptcy Case, any payments you receive on account of your Vendor Claim will be deemed voidable postpetition transfers pursuant to section 549(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). You will immediately repay to the Company any payments made to you on account of your Vendor Claim to the extent that the aggregate amount of such payments exceeds the postpetition obligations then outstanding without giving effect to alleged setoff rights, recoupment rights, adjustments, or offsets of any type whatsoever. Your Vendor Claim shall be reinstated in such an amount so as to restore the Company and you to the same positions as would have existed if payment of the Vendor Claim had not been made.

11. Any dispute with respect to this letter agreement, the Order and/or your participation in the Critical Vendor Payment Program shall be determined by the Bankruptcy Court.

If you have any questions about this Agreement or our financial restructuring, please do not hesitate to call.

Sincerely,

_____
By:
[Name] [Title]

Agreed and Accepted by: [Critical Vendor]

By: Its:

Dated: _____

# EXHIBIT B

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE



| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | Related Docket No. 13 |

## INTERIM ORDER (A) AUTHORIZING DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (the "Order"), (a) authorizing the Debtors to pay Critical Vendor Claims up to the Critical Vendor Cap, and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, on an interim basis, as set forth herein.

2. The form of Vendor Agreement attached hereto as <u>Exhibit 1</u> is approved in its entirety.

3. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims in an amount not to exceed $2,900,000.00 in the aggregate between the date hereof and the date of the final hearing on this Motion (the "<u>Final Hearing</u>") unless otherwise ordered by the Court after notice and a hearing; provided that the Debtors shall provide one business day's advance notice to the advisors to the Ad Hoc Group of any intended payment in the amount of $50,000.00 and above to any Non-product Vendor and $200,000.00 and above to any Product Vendor.

4. The Debtors are authorized, but not directed, to pay the Critical Vendor Claims, in whole or in part, upon such terms and in the manner provided in this Order regardless of whether a Critical Vendor has executed a Vendor Agreement; *provided that*, if any Critical Vendor accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and

2

programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) in place 12 months prior to the Petition Date, or such other trade terms that are acceptable to the Debtors (collectively, the "<u>Customary Trade Terms</u>"), then: (a) the Debtors may ~~then take any and all appropriate steps~~ <u>seek</u> to cause such Critical Vendor to repay payments made to it on account of its prepetition claim to the extent that such payments exceed the postpetition amounts then owing to such Critical Vendor; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may ~~elect~~ <u>seek</u> to re-characterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise. Notwithstanding anything herein to the contrary, to the extent that the Debtors intend to enter into an agreement/arrangement with a Critical Vendor which provides for trade terms that are less favorable to the Debtors as compared to those trade terms that existed as of the Petition Date, the Debtors shall obtain the prior consent of the Ad Hoc Group.

5. Nothing herein shall impair or prejudice the Debtors' ability to contest, in their discretion, or any other party's ability to contest, the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor. The Debtors do not concede that any claims satisfied pursuant to this Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection of, or seek the avoidance of, all such liens or the priority of such claims.

3

~~DOCS_DE:213708.9~~
<u>DOCS_DE:213708.10</u>

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

8. ~~The Final Hearing to consider entry of a final order is scheduled for _____, 2017 at ____ _.m. (Eastern time) before the Court with objections to the balance of the relief requested in the Motion to be filed by _____, 2017 at 4:00 p.m. (Eastern time). If no objections to the balance of the relief requested in the Motion are filed, the Court may enter a final order on the Motion without further notice or hearing.~~

8. A final hearing on Motion shall be held on August 1, 2017, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on July 24, 2017, and shall be served on: (a) the Debtors, True Religion Apparel, Inc., 1888 Rosecrans Avenue, Manhattan Beach, CA 90266, Attn: Dalibor Snyder; (b) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware

19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq. (ljones@pszjlaw.com); (c) counsel to any statutory committee appointed in these cases; (d) counsel to the ad hoc group of unaffiliated prepetition first and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. (apreis@akingump.com) and Jason P. Rubin, Esq. (jrubin@akingump.com); (e) counsel to Citizens Bank, N.A., as administrative agent and collateral agent (in such capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgynne@reedsmith.com); and (f) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq (Linda.Casey@usdoj.gov).

9. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2017

                                              United States Bankruptcy Judge

DOCS_DE:213708.9
DOCS_DE:213708.10