# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ and compensate certain professionals utilized in the ordinary course of the Debtors' businesses. In support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

DATE 7/5/17

DOCKET # 51

for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in

connection with this Motion to the extent that it is later determined that the Court, absent

consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief sought herein are sections 105(a), 327,

328, and 330 of Title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

4.     On the date hereof (the "Petition Date"), the Debtors commenced these

cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The

Debtors have continued in the possession of their property and have continued to operate and

manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee, examiner or committee has been appointed in the Debtors'

chapter 11 cases.

5.     The Debtors and their affiliates design, market, sell, and distribute

premium fashion apparel, centered on their core denim products under the brand name "True

Religion Brand Jeans."  The Debtors are globally recognized for innovative, trendsetting

denim jeans and apparel.  Their products are distributed through wholesale and retail channels

on six continents.  The Debtors sell direct to consumers through retail stores in North America

and through their websites at www.truereligion.com and www.last-stitch.com and wholesale

to premium department stores, specialty retailers and boutiques across the world.  The factual

background regarding the Debtors, including their current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Dalibor Snyder, Chief Financial Officer, in Support of First Day Pleadings* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference.

## ORDINARY COURSE PROFESSIONALS

6.      The Debtors customarily retain the services of various attorneys, accountants, consultants, and other professionals to represent them in matters arising in the ordinary course of their businesses, unrelated to these Cases (the "Ordinary Course Professionals"). A list of the Ordinary Course Professionals utilized or expected to be utilized by the Debtors during the pendency of these Cases is attached hereto as **Exhibit B**.[2]

7.      In contrast, the Debtors have filed, or will file, individual retention applications for any professionals that the Debtors seek to employ in connection with the administration of these Cases (the "Chapter 11 Professionals"). The Chapter 11 Professionals will be permitted to be compensated and reimbursed only in accordance with procedures to be approved by this Court, and with the terms of the orders approving each Chapter 11 Professional's employment.

8.      The Debtors anticipate employing, among others, certain of the Ordinary Course Professionals listed on **Exhibit B** to perform ongoing services during the pendency of these Cases. The Ordinary Course Professionals will not be involved in the administration of these Cases. Rather, they will provide services in connection with the

---

[2] As discussed more fully below, the Debtors reserve the right to amend such list in the future in their sole discretion, pursuant to the procedures set forth herein.

3

Debtors' operations or services ordinarily provided by in-house counsel to a corporation. As a result, the Debtors do not believe that the Ordinary Course Professionals are "professionals" as that term is used in section 327 of the Bankruptcy Code, whose retention must be approved by this Court. *See, e.g., In re That's Entertainment Mkt'g Group, Inc.*, 168 B.R. 226, 230 (N.D. Cal. 1994) (only the retention of professionals whose duties are central to the administration of the estate require prior court approval under section 327 of the Bankruptcy Code); *In re Madison Mgmt. Group, Inc.,* 137 B.R. 275, 283 (Bankr. N.D. Ill. 1992) (same); *In re Sieling Assocs. Ltd. P'ship*, 128 B.R. 721, 723 (Bankr. E.D. Va. 1991) (same); *In re Johns-Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1989) (only those professionals involved in the actual reorganization effort, rather than debtor's ongoing business, require approval under section 327 of the Bankruptcy Code). Nevertheless, out of an abundance of caution, the Debtors seek an order authorizing the retention and payment of all Ordinary Course Professionals during the pendency of these Cases.

## RELIEF REQUESTED

9.      By the Motion, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, the Debtors seek entry of an order by this Court authorizing them to (a) retain and employ the Ordinary Course Professionals on an "as needed" basis without the submission of separate, formal retention applications for each Ordinary Course Professional, and (b) establish procedures to compensate the Ordinary Course Professionals under sections 328, 330, and 331 of the Bankruptcy Code for postpetition services rendered and expenses incurred.

4

**BASIS FOR RELIEF**

10.     The Debtors cannot continue to operate their businesses as debtors in possession unless they retain and pay for the services of the Ordinary Course Professionals listed on **Exhibit B**. The work of the Ordinary Course Professionals, albeit ordinary course, is directly related to the preservation of the value of the Debtors' estates, even though the amount of fees and expenses incurred by the Ordinary Course Professionals represents only a small fraction of that value.

11.     The operation of the Debtors' businesses would be hindered if the Ordinary Course Professionals were delayed in performing their work on behalf of the Debtors while the Debtors (i) submitted to this Court an application, affidavit, and proposed retention order for each Ordinary Course Professional, (ii) waited until such order was approved before such Ordinary Course Professional continued to render services and (iii) withheld payment of the normal fees and expenses of the Ordinary Course Professionals until they complied with the compensation procedures applicable to Chapter 11 Professionals.

12.     Further, a number of Ordinary Course Professionals may be unfamiliar with the fee application procedures employed in bankruptcy cases. Some Ordinary Course Professionals might be unwilling or unable to assume the administrative and cost burden of such procedures, and may therefore be unwilling to work with the Debtors if these requirements are imposed, forcing the Debtors to incur additional and unnecessary expenses to retain other professionals without such background and expertise, and at potentially higher rates. The uninterrupted services of the Ordinary Course Professionals are vital to the

Debtors' remaining operations and their ultimate ability to pursue an orderly restructuring. More importantly, the cost of preparing and prosecuting these retention applications and fee applications would be significant and such costs would be borne by the Debtors' estates.

13.    Moreover, a requirement that the Ordinary Course Professionals each file retention pleadings and follow the usual fee application process required of the Chapter 11 Professionals would unnecessarily burden the Clerk's office, this Court, and the U.S. Trustee's office with unnecessary fee applications while significantly adding to the administrative costs of these Cases without any corresponding benefit to the Debtors' estates. This Motion proposes a procedure to alleviate such a burden.

14.    Although certain Ordinary Course Professionals may hold unsecured claims against the Debtors in respect of prepetition services rendered, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their estates, their creditors, or other parties in interest, and thus none would be retained who do not meet, if applicable, the special counsel retention requirement of section 327(e) of the Bankruptcy Code. By this Motion, the Debtors are not requesting authority to pay prepetition amounts owed to Ordinary Course Professionals.

## PROPOSED RETENTION PROCEDURE

15.    The Debtors propose that they be permitted to continue to employ and retain the Ordinary Course Professionals. Pursuant to the requirement imposed by Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and in order to provide the interested parties and this Court with appropriate comfort and assurances, each

6

Ordinary Course Professional will be required to file with this Court, and to serve upon (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones, Esq.; (b) counsel to the ad hoc group of unaffiliated prepetition first and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. and Jason P. Rubin, Esq.; (c) counsel to Citizens Bank, N.A., as administrative agent and collateral agent (in such capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgynne@reedsmith.com); (d) counsel to the any official committee appointed in these cases; and (e) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Linda Casey, Esq. (collectively, the "Notice Parties"), a disclosure declaration of such proposed professional (the "Declaration") in the form attached hereto as **Exhibit C** on the later of:  (i) thirty (30) days after entry of an order of this Court granting the Motion; or (ii) prior to the date such Ordinary Course Professional is compensated for services to the Debtors.  Such Declaration shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by the Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all

7

information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; and (e) to

the extent that the Ordinary Course Professional was not providing services as of the Petition

Date, the date on which such services began postpetition.  The Debtors will not make any

payments to any Ordinary Course Professionals who have failed to file such an Affidavit.

16.     The Debtors further request that the Notice Parties have ten (10) days

from the date of the filing and service of the Declaration (the "Objection Period") to object to

the retention of the Ordinary Course Professional in question.  Any such objection must be

timely filed with this Court and served upon the Ordinary Course Professional, the Debtors,

and the Notice Parties.  If an objection is filed and cannot be resolved and/or withdrawn

within twenty (20) days after service of such objection, this Court shall adjudicate the matter

at a hearing scheduled by the Debtors at a mutually convenient time.[3]  If no timely objection

is filed and received, or if an objection is withdrawn, the Debtors will be authorized to retain

the Ordinary Course Professional on a final basis without further order of this Court.

17.     The Debtors request that they be authorized to employ and retain

additional Ordinary Course Professionals not currently listed on **Exhibit B** hereto, from time

to time as necessary, without the need to file individual retention applications or have a

further hearing, by filing with this Court one or more supplements to **Exhibit B** (a

"Supplemental Notice") and serving a copy of the Supplemental Notice upon the Notice

Parties.  The Debtors propose that, as with the Ordinary Course Professionals set forth on

---

[3]  If, after a hearing, the retention of an Ordinary Course Professional is not approved, such professional may still apply to this Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention.

**Exhibit B**, each additional Ordinary Course Professional be required to file and serve upon the Court and the Notice Parties an Declaration by the later of:  (a) thirty (30) days after the Supplemental Notice is filed; or (b) prior to the date such Ordinary Course Professional provides any services to the Debtors.  The Notice Parties then would be given ten (10) days after service of each required Declaration to object to the retention of such professional.  Any objection will be handled pursuant to the procedures discussed above.  If no objection is submitted, or the objection is withdrawn, the Debtors will be authorized to retain the professional as an Ordinary Course Professional on a final basis without further order of this Court.

## PROPOSED PAYMENT PROCEDURE

18.    The Debtors seek authority to pay, without formal application to and order from this Court, one hundred percent (100%) of the fees and expenses of each Ordinary Course Professional upon submission to, and approval by, the Debtors of an appropriate billing statement setting forth in reasonable detail the nature of the postpetition services rendered and expenses actually incurred; *provided, however*, that such fees and expenses do not exceed the maximum authority under the authorized caps established herein.  Further, the Debtors will not pay any fees or expenses to an Ordinary Course Professional unless (i) the professional has filed its Affidavit, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or if a timely objection is received, no payment will be made until such objection is (a) resolved and withdrawn or (b) otherwise approved by the Court.

9

**B.**    **Monthly Payment Caps Proposed by the Debtors**

19.    The Debtors propose that they be permitted to pay fees and expenses of an Ordinary Course Professional, without formal application to this Court by any one Ordinary Course Professional, provided, however, that (i) the fees and disbursements for any one Ordinary Course Professional shall not exceed a total of $25,000 per month on average over a rolling four-month period to any Ordinary Course Professional, unless otherwise authorized by this Court and (ii) the aggregate monthly payments to Ordinary Course Professionals be limited to $200,000.00 unless otherwise authorized by this Court.

20.    If fees and disbursements for any one Ordinary Course Professional exceeds a total of $25,000 per month on average over a rolling four-month period, such Ordinary Course Professional shall be required to apply for approval by the Court of such excess Ordinary Course Professional's fees and expenses for such month under sections 330 and 331 of the Bankruptcy Code but may otherwise be paid for amounts incurred in accordance with the relief granted herein..

21.    The Debtors propose to except from such monthly limitations any contingent fee amounts received by Ordinary Course Professionals from recoveries realized on the Debtors' behalf.  In other words, the limitations would apply only to direct disbursements by the Debtors.

22.    As a routine matter prior to the commencement of these cases, the Debtors carefully reviewed all billing statements received from the Ordinary Course Professionals to ensure that the fees charged were reasonable and that the expenses incurred were necessary.  This type of review will continue postpetition and, coupled with the

10

proposed monthly payment caps, will protect the Debtors' estates against excessive and improper billings.

## C.    Periodic Statements of Payments Made

23.    The Debtors further propose to file a payment summary statement with this Court not more than thirty (30) days after the last day of March, June, September and December of each year these Cases are pending, or such other period as this Court directs, and to serve such statement upon the Notice Parties.  The summary statement will include the following information for each Ordinary Course Professional:  (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a brief statement of the type of services rendered.

## AUTHORITY FOR THE REQUESTED RELIEF

24.    Numerous courts, including courts in this district, have routinely granted the same or similar relief to chapter 11 debtors in other chapter 11 cases.  *See, e.g., In re General Wireless Operations Inc.*, Case No. 17-10506 (BLS)(Bankr. D. Del. Mar. 8, 2017); *In re Bonanza Creek Energy, Inc.*, Case No. 17-10015 (BLS)(Bankr. D. Del. Jan. 4, 2017); *In re Mineral Park, Inc.,* Case No. 14-11996 (KJC) (Bankr. D. Del. Sept. 23, 2014); *In re GSE Environmental,* Case No. 14-11126 (MFW) (Bankr. D. Del. June 3, 2014).[4]

25.    The Debtors and their estates will be well served by authorizing the retention of the Ordinary Course Professionals because of such professionals' past

---

[4] Because of the voluminous nature of the orders cited herein, they are not attached to the Motion. Copies of these orders, however, are available upon request.

relationship with, and understanding of, the Debtors and their operations.  It is in the best

interest of all of the parties and the creditors to avoid any disruption in the professional

services rendered by the Ordinary Course Professionals in the day-to-day operations of the

Debtors' businesses.

### NOTICE

26.     The Debtors will provide notice of this Motion to the following parties,

or their counsel, if known:  (a) the Office of the United States Trustee; (b) the Ad Hoc Group;

(c) the DIP Agent, (d) the Ordinary Course Professionals listed on **Exhibit B** hereto; and (e)

any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit

that, in light of the nature of the relief requested, no other or further notice need be given.

### NO PRIOR REQUEST

27.     No prior request for the relief sought in this Motion has been made to

this Court or any other court.

12

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and

such other and further relief as this Court deems appropriate.

Dated:   July 5, 2017                          PACHULSKI STANG ZIEHL & JONES LLP

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
James E. O'Neill (Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899-8705 (Courier
19801)
Telephone:  302-652-4100
Facsimile:  302-652-4400
email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        joneill@pszjlaw.com

[Proposed] Counsel to the Debtors and Debtors in
Possession

DOCS_DE:213505.4 85199/001

# EXHIBIT A

## Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Docket Ref. No. ____** |

### ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO RETAIN, EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS

Upon the *Motion for an Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of these Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' businesses and is in the best interests of the Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having been given as set forth herein was appropriate and that no other or further notice need by given; and objections,

---

[1]  The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453).  The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

[2]  Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and

after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is granted.

2.     Subject to the procedures set forth below, the Debtors are authorized to

retain and employ, effective as of the Petition Date, the Ordinary Course Professionals listed

on Exhibit B to the Motion (collectively, the "Ordinary Course Professionals"), without the

need to file separate, formal retention applications for each Ordinary Course Professional and

obtain retention orders for each.

3.     Within five (5) business days after the date of entry of this Order, the

Debtors shall serve this Order and the form of Declaration attached to the Motion as Exhibit C

upon each Ordinary Course Professional.

4.     On the later of (a) thirty (30) days after the entry of this Order or (b)

prior to the date an Ordinary Course Professional provides any services to the Debtors

following the Petition Date, each such Ordinary Course Professional shall file with this Court,

and serve upon (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North

Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801),

Attn: Laura Davis Jones, Esq.; (b) counsel to the ad hoc group of unaffiliated prepetition first

and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer &

Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. and Jason P. Rubin,

Esq.; (c) counsel to Citizens Bank, N.A., as administrative agent and collateral agent (in such

2

capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston, MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201 Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne (kgwynne@reedsmith.com); (d) counsel to the any official committee appointed in these cases; and (e) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq.. (collectively, the "Notice Parties"), a disclosure declaration of the proposed professional (the "Declaration") in substantially the form attached to the Motion as Exhibit C, which includes the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest; (b) a description of the proposed scope of services to be provided by such Ordinary Course Professional; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure; and (e) to the extent that such Ordinary Course Professional was not providing services as of the Petition Date, the date on which such services began postpetition.

     5.     The Notice Parties shall have ten (10) days after service of each Ordinary Course Professional's Declaration (the "Objection Period") to object to the retention of such professional. Any such objections shall be timely served upon the Ordinary Course Professional to whom the objection applies, the Debtors, and the other Notice Parties. If any such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the

3

Debtors at a mutually convenient time.  If no timely objection is filed and received in respect of each Ordinary Course Professional, or if any objection is withdrawn, the Debtors shall be authorized to retain such Ordinary Course Professional as a final matter without further order of this Court.  Nothing herein shall preclude an Ordinary Course Professional from applying to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for all work performed on behalf of the Debtors from the date a Declaration is filed until such retention request is denied by the Court or withdrawn by the Debtors.

6.      The Debtors may not make any payments to any Ordinary Course Professionals unless (i) such Ordinary Course Professional has filed the Affidavit, (ii) the Objection Period has expired, and (iii) no timely objection is pending, or, if a timely objection is received, (a) the objection is resolved and withdrawn or (b) such retention is otherwise approved by the Court.

7.      The Debtors are authorized, without need for further hearing or order from this Court, to employ and retain Ordinary Course Professionals not currently listed on Exhibit B to the Motion by filing with this Court, and serving on the other Notice Parties, a Supplemental Notice listing the name of such proposed Ordinary Course Professional, together with a brief description of the services to be rendered, and by otherwise complying with the terms of this Order, including, without limitation, the procedures set forth in paragraphs 4, 5, and 6 hereof.

8.      The Debtors are authorized to pay to each Ordinary Course Professional and any other Ordinary Course Professionals retained pursuant to the terms of

4

this Order, one hundred percent (100%) of each such Ordinary Course Professional's fees and

expenses, in the manner customarily made by the Debtors; *provided, however*, that the fees

and disbursements for any one Ordinary Course Professional shall not exceed a total of

$25,000 per month on average over a rolling four-month period to any Ordinary Course

Professional, unless otherwise authorized by this Court (the "Monthly Cap") and the

aggregate cap for all Ordinary Course Professionals shall not exceed $200,000.00 per month.

Each Ordinary Course Professional must submit reasonably detailed billing statements

indicating the nature of the services rendered, calculated in accordance with such

professional's standard billing practices (without prejudice to the Debtors' normal right to

dispute any such billing statements).

        9.     If in any given month the fees and expenses for any one Ordinary

Course Professional exceed the Ordinary Course Professional's Monthly Cap, such Ordinary

Course Professional shall be required to apply for approval by this Court of all such Ordinary

Course Professional's excess fees and expenses for such month.  Such Ordinary Course

Professional may be paid for amounts below the Monthly Cap in accordance with the

procedures approved herein.  No Ordinary Course Professional shall be required to submit

quarterly or final fee applications solely because such Ordinary Course Professional's fees

and expenses exceeded its Monthly Cap, provided that such Ordinary Course Professional

obtained Court approval of its excess fees and expenses for such month in accordance with

this paragraph.

10.    All payments to any one Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the Bankruptcy Code.  In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

11.    Within thirty (30) days after the last day of March, June, September and December of each year these Cases are pending, the Debtors shall file with this Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional:  (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) a short statement of the type of services rendered by such Ordinary Course Professional.

12.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: _____, 2017

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

# EXHIBIT B

## Professionals Utilized in the Ordinary Course of Business

| Professional | Services Provided |
| --- | --- |
| Arent Fox, LLP | Legal - Intellectual Property and Trademark |
| Arochi, Marroquin & Linder, S.C. | Legal - Litigation |
| Benedetti & Benedetti | Legal - Intellectual Property and Trademark |
| Cardenas & Cardenas Abogados | Legal - Intellectual Property and Trademark |
| Carlton Fields Jorden Burt LLP | Legal - Security and Personal Information Related |
| Clark Wilson | Legal - Intellectual Property and Trademark and Real Estate |
| DLA Piper LLP | Legal - Commercial Contracts and International Counsel |
| Fenwick & West LLP | Accounting - Tax Analysis |
| Frost Brown Todd LLC | Legal - Commercial Contracts and Brand Enforcement |
| Friedman Stroffe & Gerard, P.C. | Legal - Corporate Governance, Contracts, Real Estate, IP, Compliance |
| Galicia Abogados | Legal - International counsel, IP, trademark, litigation |
| Hunton & Williams LLP | Legal Litigation |
| Kim & Chang | Legal - Intellectual Property and Trademark |
| Loeb & Loeb LLP | Legal  - Litigation |
| Luther Rechtsanwaltsgesellschaft MBH | Legal - International Counsel |
| Martin Shepherd Solicitors LLP | Legal - Real Estate Counsel |
| Meltzer Lippe Goldstein & Breitstone | Legal - Real Estate Counsel |
| Mitchell Silberberg & Knupp LLP | Legal - Employment and Compliance Counsel |
| Mirandah Law LLP | Legal - Intellectual Property and Trademark |
| Miranda Asia (Malaysia) SDN BHD | Legal - Intellectual Property and Trademark |
| Morrisson Cohen LLP | Real Estate Counsel |
| Patentanwaelte Freischem | Legal - Intellectual Property and Trademark |
| Pedro Hugo Rodolfo Mersan Galli | Legal - Intellectual Property and Trademark |

| | |
|---|---|
| Saba & Co | Legal - Intellectual Property and Trademark |
| Simpson Grierson | Legal - |
| Thomas Klein CPA PLLC | Accounting Professional Services |
| Wan Hui DA | Legal - Intellectual Property and Trademark |
| Walder Wyss Attorneys At Law | Legal - International Legal Counsel |
| White & Case, LLP | Legal - Corporate Governance (Japan) |
| Windes & McClaughry Accountancy Corp | Accounting and Tax professional services |
| Sidley Austin LLP | Legal - Real Estate and Commercial Contracts |
| Snell & Wilmer LLP | Legal - Real Estate and Commercial Contracts |

2

# EXHIBIT C

## Form of Declaration of Disinterestedness

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

| | |
|---|---|
| STATE OF | ) |
| | ) ss: |
| COUNTY OF | ) |

I, _____, hereby declare, under penalty of perjury, as follows, pursuant to the provisions of 28 U.S.C. § 1746:

I am a _____ of _____ (the "Firm") which maintains offices at [address].

This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated _____, 2017, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Cases").

The Firm, through me, and members of the firm, have represented and advised the Debtors as _____ with respect to a broad range of aspects of the Debtors' businesses, including _____, since [insert date].

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: [Insert description].

The Firm's current customary [hourly] rates, subject to change from time to time, are $_____. In the normal course of business, the Firm revises its regular [hourly] rates on _____ of each year and requests that, effective _____ of each year, the aforementioned rates be revised to the regular [hourly] rates which will be in effect at that time.

To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtors or currently represents any of their creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, except [_____].

Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in these Cases.

In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm

2

does not and will not represent any such entity in connection with these pending Cases and does not have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtors or their estates.

The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, consists of the following: _____.

In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $_____ on account of such prepetition services.

In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the firm will be engaged.

Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[NAME]
[ADDRESS]

4