IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

Objection Deadline: July 24, 2017 at 4:00 p.m. (ET)

## DISCLOSURE DECLARATION OF ORDINARY COURSE PROFESSIONAL

STATE OF            )
                            ) ss:
COUNTY OF        )

I, Thomas D. Klein, hereby declare, under penalty of perjury, as follows, pursuant to the provisions of 28 U.S.C. § 1746:

I am a member of Thomas D. Klein CPA PLLC (the "Firm") which maintains offices at 2957 N. Fennimore Avenue, Tucson, AZ 85749.

This Declaration is submitted in connection with an order of the United States Bankruptcy Court for the District of Delaware dated _____, 2017, authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' chapter 11 cases (the "Cases").

The Firm, through me, and members of the firm, have represented and advised the Debtors as certified public accountants with respect to a broad range of aspects of the Debtors'

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785); True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453). The Debtors' headquarters is located at 1888 Rosecrans Avenue, Manhattan Beach, CA 90266.

businesses, including corporate income tax matters and the related financial statement impacts, since December, 2014.

The Debtors have requested, and the Firm has agreed, to continue to provide services to the Debtors pursuant to section 327 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with respect to such matters. Additionally, the Debtors have requested, and the Firm proposes to render, the following services to the Debtors: [Insert description].

The Firm's current customary [hourly] rates, subject to change from time to time, are $235 to $275. In the normal course of business, the Firm revises its regular hourly rates on January 1 of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly] rates which will be in effect at that time.

To the best of my knowledge, formed after due inquiry, neither I, the Firm, nor any employee thereof has any connection with the Debtors or currently represents any of their creditors, other parties-in-interest, the Office of the United States Trustee or any person employed by the Office of the United States Trustee with respect to the matters upon which it is to be engaged, and the Firm does not, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, hold or represent any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, except [NONE].

Thus, I believe that the Firm's representation of such entities in matters entirely unrelated to the Debtors is not adverse to the Debtors' interests, or the interests of their creditors or estates in respect of the matters for which the Firm will be engaged, nor will such services impair the Firm's ability to represent the Debtors in the ordinary course in these Cases.

In addition, although unascertainable at this time after due inquiry, due to the magnitude of the Debtors' potential universe of creditors and the Firm's clients, the Firm may

have in the past represented, currently represent, and may in the future represent entities that are claimants of the Debtors in matters entirely unrelated to the Debtors and their estates. The Firm does not and will not represent any such entity in connection with these pending Cases and does not have any relationship with any such entity, attorneys or accountants that would be adverse to the Debtors or their estates.

The Firm's process of ascertaining what, if any, connection it may have with any interest adverse to the Debtors, their estates or any class of creditors or equity interest holders, consists of the following: It is known to Firm that Firm's existing clients would not have interests adverse to the Debtors, their estates or any class of creditors or equity interest holders.

In the past year, the Firm has rendered services that have not yet been billed or that have been billed but with respect to which payment has not yet been received. The Firm is currently owed $0 on account of such prepetition services.

In light of the foregoing, I believe that the Firm does not hold or represent any interest materially adverse to the Debtors, their estates, creditors, or equity interest holders, as identified to the Firm, with respect to the matters in which the firm will be engaged.

Except as set forth herein, no promises have been received by the Firm or any partner, associate or other professional thereof as to compensation in connection with these Cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and orders of this Court.

The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Cases with another party or person, other than as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

The foregoing constitutes the statement of the Firm pursuant to sections 329 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016(b).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*[signature]*
Thomas D. Klein
Thomas D. Klein CPA PLLC
2957 N. Fennimore Avenue
Tucson, AZ 85749