# **Exhibit B**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TRUE RELIGION APPAREL, INC., *et al.*[1] | ) | Case No. 17-11460 (CSS) |
| | ) | |
| Debtors. | ) | (~~Joint Administration~~ |
| ~~Requested~~Jointly Administered) | | |
| | ) | |
| | ) | **Docket Ref. No.** ~~~~107 |

**ORDER PURSUANT TO SECTIONS 105(A), 327, 328, AND 330 OF THE
BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO RETAIN,
EMPLOY, AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED
BY THE DEBTORS IN THE ORDINARY COURSE OF BUSINESS**

Upon the *Motion for an Order Authorizing the Debtors to Retain, Employ, and
Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business*
(the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the
"Debtors"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28
U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2),
(c) venue of these Cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and
the Court having determined that the relief requested in the Motion is necessary to the ongoing
orderly operation of the Debtors' businesses and is in the best interests of the Debtors, their
estates, and their creditors; and it appearing that the notice of the Motion having been given as
set forth herein was appropriate and that no other or further notice need by given; and objections,

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's U.S. tax identification number are
as follows: TRLG Intermediate Holdings, LLC (3150); True Religion Apparel, Inc. (2633); Guru Denim Inc. (1785);
True Religion Sales, LLC (3441); and TRLGGC Services, LLC (8453).  The Debtors' headquarters is located at
1888 Rosecrans Avenue, Manhattan Beach, CA 90266.
[2] Capitalized terms used herein and not otherwise defined shall have the same meaning as in the Motion.

if any, to the Motion having been overruled, withdrawn, or otherwise resolved at the hearing; and

after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      Subject to the procedures set forth below, the Debtors are authorized to

retain and employ, effective as of the Petition Date, the Ordinary Course Professionals listed

on Exhibit B to the Motion (collectively, the "Ordinary Course Professionals"), without the

need to file separate, formal retention applications for each Ordinary Course Professional and

obtain retention orders for each.

3.      Within five (5) business days after the date of entry of this Order, the

Debtors shall serve this Order and the form of Declaration attached to the Motion as Exhibit C

upon each Ordinary Course Professional.

4.      On the later of (a) thirty (30) days after the entry of this Order or (b)

prior to the date an Ordinary Course Professional provides any services to the Debtors

following the Petition Date, each such Ordinary Course Professional shall file with this Court,

and serve upon (a) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North

Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801),

Attn: Laura Davis Jones, Esq.; (b) counsel to the ad hoc group of unaffiliated prepetition first

and second lien lenders of the Debtors (the "Ad Hoc Group"), Akin Gump Strauss Hauer &

Feld LLP, One Bryant Park, New York, NY 10036, Attn: Arik Preis, Esq. and Jason P. Rubin,

Esq.; (c) counsel to Citizens Bank, N.A., as administrative agent and collateral agent (in such

2

capacities, the "DIP Agent"), Morgan, Lewis & Bockius LLP, One Federal Street, Boston,

MA, 02110-1726, Attn: Julia Frost-Davies (julia.frost-davies@morganlewis.com) and

Christopher L. Carter (christopher.carter@morganlewis.com), and Reed Smith LLP, 1201

Market Street, Suite 1500, Wilmington, DE, 19801, Attn: Kurt F. Gwynne

(kgynne@reedsmith.com); (d) counsel to the any official committee appointed in these cases;

and (e) Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35,

Wilmington, Delaware 19801, Attn:  Linda Casey, Esq.. (collectively, the "Notice Parties"), a

disclosure declaration of the proposed professional (the "Declaration") in substantially the

form attached to the Motion as Exhibit C, which includes the following information: (a) a

description of the effort(s) that were taken to search for connections with parties in interest;

(b) a description of the proposed scope of services to be provided by such Ordinary Course

Professional; (c) the rate(s) proposed to be charged for the services; (d) all information

otherwise required to be disclosed pursuant to Rule 2014 of the Federal Rules of Bankruptcy

Procedure; and (e) to the extent that such Ordinary Course Professional was not providing

services as of the Petition Date, the date on which such services began postpetition.

    5.  The Notice Parties shall have ten (10) days after service of each

Ordinary Course Professional's Declaration (the "Objection Period") to object to the retention

of such professional.  Any such objections shall be timely served upon the Ordinary Course

Professional to whom the objection applies, the Debtors, and the other Notice Parties.  If any

such objection is filed and cannot be resolved and/or withdrawn within twenty (20) days after

service of such objection, this Court shall adjudicate the matter at a hearing scheduled by the

Debtors at a mutually convenient time.  If no timely objection is filed and received in respect

of each Ordinary Course Professional, or if any objection is withdrawn, the Debtors shall be

authorized to retain such Ordinary Course Professional as a final matter without further order

of this Court.  Nothing herein shall preclude an Ordinary Course Professional from applying

to the Court, pursuant to sections 330 and 331 of the Bankruptcy Code, for compensation for

all work performed on behalf of the Debtors from the date a Declaration is filed until such

retention request is denied by the Court or withdrawn by the Debtors.

       6.     The Debtors may not make any payments to any Ordinary Course

Professionals unless (i) such Ordinary Course Professional has filed the Affidavit, (ii) the

Objection Period has expired, and (iii) no timely objection is pending, or, if a timely objection

is received, (a) the objection is resolved and withdrawn or (b) such retention is otherwise

approved by the Court.

       7.     The Debtors are authorized, without need for further hearing or order

from this Court, to employ and retain Ordinary Course Professionals not currently listed on

Exhibit B to the Motion by filing with this Court, and serving on the other Notice Parties, a

Supplemental Notice listing the name of such proposed Ordinary Course Professional,

together with a brief description of the services to be rendered, and by otherwise complying

with the terms of this Order, including, without limitation, the procedures set forth in

paragraphs 4, 5, and 6 hereof.

       8.     The Debtors are authorized to pay to each Ordinary Course

Professional and any other Ordinary Course Professionals retained pursuant to the terms of

this Order, one hundred percent (100%) of each such Ordinary Course Professional's fees and expenses, in the manner customarily made by the Debtors; *provided, however*, that the fees and disbursements for any one Ordinary Course Professional shall not exceed a total of $25,000 per month on average over a rolling four-month period to any Ordinary Course Professional, unless otherwise authorized by this Court (the "Monthly Cap") and the aggregate cap for all Ordinary Course Professionals shall not exceed $200,000.00 per month. Each Ordinary Course Professional must submit reasonably detailed billing statements indicating the nature of the services rendered, calculated in accordance with such professional's standard billing practices (without prejudice to the Debtors' normal right to dispute any such billing statements).

9.      If in any given month the fees and expenses for any one Ordinary Course Professional exceed the Ordinary Course Professional's Monthly Cap, such Ordinary Course Professional shall be required to apply for approval by this Court of all such Ordinary Course Professional's excess fees and expenses for such month. Such Ordinary Course Professional may be paid for amounts below the Monthly Cap in accordance with the procedures approved herein. No Ordinary Course Professional shall be required to submit quarterly or final fee applications solely because such Ordinary Course Professional's fees and expenses exceeded its Monthly Cap, provided that such Ordinary Course Professional obtained Court approval of its excess fees and expenses for such month in accordance with this paragraph.

10.     All payments to any one Ordinary Course Professional shall be subject to sections 328(c) and 330 of the Bankruptcy Code, which provides generally that the Court may deny allowance of compensation for services and reimbursement of expenses if such professional person is not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed or for reasons set forth in section 330 of the Bankruptcy Code.  In addition to the limits set forth in this Order, all payments to an Ordinary Course Professional are further subject to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

11.     Within thirty (30) days after the last day of March, June, September and December of each year these Cases are pending, the Debtors shall file with this Court and serve upon the Notice Parties a statement that includes the following information for each Ordinary Course Professional:  (a) the name of the Ordinary Course Professional; (b) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by such Ordinary Course Professional during the statement period; and (c) the amount billed by the Ordinary Course Professional for each month during the reporting period; (d) the amount paid to the Ordinary Course Professional for each month during the reporting period; and (e) a short statement of the type of services rendered by such Ordinary Course Professional.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

6

Dated: _____, 2017

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

7